THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
VERNON ELLIS, Appellant.

First Department, May 16, 1978

---

**APPEARANCES OF COUNSEL**

*Bennett L. Gershman (Lawrence S. Goldman* with him of
the brief), attorney for appellant.

*Charles H. Solomon* of counsel *(Robert M. Pitler* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Defendant was convicted following a lengthy trial arising out of the shooting of George Dixon on March 25, 1973. Dixon was found on the fifth floor of an apartment at 24 Lenox Avenue after an argument and fight among defendant, Dixon, Tyrone Davis and Willie Love. Shortly thereafter defendant was found hiding on the roof of the building and was arrested. Also found on the roof were the murder weapon and a tasseled hat allegedly belonging to defendant.

A Trial Judge in a criminal action is not merely an observer nor only a referee. It is the Judge's duty to assume an active role in the examination of witnesses where proper or necessary to elicit or develop significant facts, to clarify or enlighten an issue, or to facilitate or expedite the orderly progress of the trial *(People v Moulton,* 43 NY2d 944; *People v De Jesus,* 42 NY2d 519; *People v Carter,* 40 NY2d 933; *People v Gonzalez,* 38 NY2d 208). "However, because of the ever present and serious threat that a jury's determination may be influenced by what it interprets to be the court's own opinion, this prerogative should be exercised with caution." *(People v Mendes,* 3 NY2d 120, 121.) Where the Trial Judge oversteps the bounds and assumes the role of a prosecutor, however well intentioned the motive there is a denial of a fair trial and there must be a reversal. *(People v De Jesus, supra.)*

Here, we have concluded that the Trial Justice unduly injected himself into the proceeding to such an extent as to deny defendant a fair and impartial trial. (See *People v Ohlstein,* 54 AD2d 109.) His excessive questioning and examination of witnesses, including the defendant who testified in his own behalf, not only with respect to the merits of the case but also respecting their credibility could not help but make him appear to be an advocate rather than an impartial arbiter. It plainly and improperly conveyed to the jury the court's attitude as to the merits of the case as well as the credibility of the witnesses. *(People v Carter, supra; People v Tartaglia,* 35 NY2d 918; *People v Harris,* 44 AD2d 809.)

The Trial Justice's interrogation of defendant with respect to the ownership of the hat which had been found on the roof

of the building by the arresting officer may very well have impelled the jury to the belief that the court had an opinion that the defendant was culpable. The hat was crucial on the issue of the identity of Dixon's assailant. The questions related to whether the defendant had acknowledged the hat was his or had merely accepted it from the arresting officer. That much of the questioning might well have been proper cross-examination had it been conducted by the prosecuting attorney is beside the point. The extent of the interrogation conducted by the court as well as its form and content necessarily tended to influence the jury adversely as to defendant's credibility.

It does not appear that such examination was necessary to elicit significant facts, clarify an issue, or facilitate the progress of the trial. The prosecution of the case on behalf of the People was the responsibility of the Assistant District Attorney who had been assigned to the matter. It is not for the Trial Justice, no matter how well motivated, to usurp the role of counsel for either side in a criminal trial because of the court's conception as to how the case should be presented. Thus it was clearly improper for the Trial Justice to interrupt defendant's direct testimony to cross-examine him, in effect on behalf of the prosecution. Such intervention plainly served to undermine the direct examination.

During the examination of Love by the defense concerning the possibility that he was permitted to plead to a lesser crime in exchange for his testimony for the prosecution in this case, the court improperly interjected: "Ninety percent of those sitting in prison, were they allowed to plead to a lesser crime than that for which they were indicted, as far as you know?" Similarly unwarranted was the court's lengthy interrogation of Davis as to the accuracy of his prior Grand Jury testimony and as to the differences between his direct and cross-examination testimony.

Throughout the trial, the court assumed the function of the prosecutor to such an extent as to deprive defendant of a fair trial and to impair the aura of impartiality which should surround every judicial proceeding.

In view of the direction for a new trial we deem it unnecessary to consider the other claims of error.

Accordingly, the judgment, Supreme Court, New York County (BURTON ROBERTS, J.), rendered October 1, 1976, upon a jury verdict convicting defendant of manslaughter in the

first degree and possession of a weapon as a felony, should be reversed, on the law and as a matter of discretion in the interest of justice, and a new trial directed before another Justice.

LUPIANO, J. P., FEIN, MARKEWICH, SANDLER and Sullivan, JJ., concur.

Judgment, Supreme Court, New York County, rendered on October 1, 1976, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and a new trial directed before another Justice.