■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVAUGHS KING, Appellant.—Judgment unanimously reversed, on the law and facts, and new trial granted. Memorandum: Defendant was convicted, after a jury trial, of four counts of attempted robbery in the first degree and one count of criminal possession in the second degree and was sentenced to concurrent indeterminate terms of 5 to 15 years. He raises several points on appeal, one of which has merit and requires reversal. The trial was punctuated by an inordinate participation by the Trial Justice in the conduct of the proceedings, by interruptions, unnecessary comments, extensive examination of witnesses, advice given to the prosecutor in the presence of the jury, and conferences between the court and prosecutor outside of the presence of defense counsel. While a Judge has the duty to assume an active role in the conduct of a trial where it appears necessary or proper to elicit or develop significant facts, to clarify an issue or to facilitate or expedite the orderly progress of the trial (People v Ellis, 62 AD2d 469), the court exceeded its function by appearing to become an advocate and conveying the impression that it espoused an attitude adverse to the defendant, thereby impairing the requisite aura of impartiality (People v De Jesus, 42 NY2d 519; People v Keller, 67 AD2d 153). "It is not for the Trial Justice, no matter how well motivated, to usurp the role of counsel for either side in a criminal trial because of the court's conception as to how the case should be presented." (People v Ellis, supra, p 471; People v Mees, 47 NY2d 997.) The participation by the court exceeded the bounds of judicial propriety and served to prejudice defendant and deprived him of a fair trial. We do not reach the remaining issues raised on appeal. (Appeal from judgment of Erie Supreme

Court—attempted robbery, first degree, and another charge.) Present—Cardamone, J. P., Simons, Doerr, Witmer and Moule, JJ.