■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BURROUGHS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lamont, J.), rendered December 10, 1981, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that his motion for a severance, made on the eve of trial, was erroneously denied. The record reveals that the defendant and his codefendant entered a social club together, fired shotguns in unison at the complainant and were subsequently arrested together in another city. "Where proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87,

*cert denied* 416 US 905). Since the evidence against the defendant and his codefendant in this case was virtually identical, we discern no error in the denial of the motion for separate trials *(see, e.g., People v Cruz,* 66 NY2d 61, *cert granted* — US —, 106 S Ct 2888; *Matter of Michael J.,* 117 AD2d 602). Likewise, the court's *Sandoval* ruling was the product of a careful balancing of the probative value of the defendant's prior convictions on the issue of credibility against their prejudicial effect *(see, People v Williams,* 56 NY2d 236) and did not constitute an abuse of discretion *(see, People v Pavao,* 59 NY2d 282).

Similarly unavailing is the defendant's contention that the prosecution failed to prove his guilt beyond a reasonable doubt. While the testimony of the eyewitnesses contained various inconsistencies, these discrepancies were before the triers of fact, and we find no basis for disturbing the jury's evaluation of the witnesses' credibility *(see, e.g., People v Irby,* 115 AD2d 661; *People v Rosenfeld,* 93 AD2d 872). Viewing the entire record in the light most favorable to the People *(see, e.g., People v Loughlin,* 66 NY2d 633), we conclude that there was sufficient direct and circumstantial evidence from which the jury could find the defendant guilty of attempted murder in the second degree beyond a reasonable doubt.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.