■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JORDAN, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 6, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although greater restraint on the part of the Trial Judge in the conduct of the trial would have been appropriate, on this record it cannot be concluded that the Trial Judge interjected himself into the proceeding to such an extent as to deny the defendant a fair and impartial trial *(see, People v Biondolillo,* 63 AD2d 610, 611; *cf., People v Ellis,* 62 AD2d 469, 470-471). Undoubtedly, it is appropriate for a Trial Judge to intervene for the purposes of "clarifying confusing testimony and facilitating the orderly and expeditious progress of the trial" *(People v Yut Wai Tom,* 53 NY2d 44, 57). However, "[i]t is not for the Trial Justice, no matter how well motivated, to usurp the role of counsel for either side in a criminal trial because of the court's conception as to how the case should be presented" *(People v Ellis, supra,* at 471). Furthermore, in view of the importance of maintaining the aura of impartiality which should pervade every trial, admonishments of counsel, if deemed necessary, should be made outside of the hearing of the jury. However, reversal of the conviction is not warranted in this case because the Trial Judge's admonishments were directed to both the prosecution and defense counsel. In addition, much of the Trial Judge's questioning of witnesses related to the presence of a weapon and was, therefore, relevant only to the charge of first degree robbery, of which the defendant was acquitted.

The defendant also argues that the Trial Judge's instruction to the jury on intent improperly shifted the burden of proof to the defendant by creating a presumption that "a person intends that which is the natural and necessary and probable consequences of the act done by him" *(see, Sandstrom v Montana,* 442 US 510). Unlike the charge in *Sandstrom,* however, here the Trial Judge made clear to the jury that it may, but did not have to, make that inference; that the defendant did not have to disprove intent; and that the People still had to prove the element of intent beyond a reasonable doubt. The permissible inference set forth in this charge did not violate the requirement that the People prove each element of the crime beyond a reasonable doubt *(see, Sandstrom v Montana, supra,* at 513; *In re Winship,* 397 US 358).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.