■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WATTS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered May 18, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of a fair trial by being tried jointly with the two codefendants *(see,* CPL 200.40 [1]). The decision to sever a case for separate trial rests in the sound discretion of the Trial Judge *(see, People v Mahboubian,* 74 NY2d 174, 183). Where, as in the instant case, the proof against all of the defendants is supplied by the same evidence "only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). The defendant has failed to advance sufficient reasons to warrant a separate trial. The fact that his codefendants were arrested at a different time and place than he was, and that only they were found to be in possession of the fruits of the robbery, did not warrant a severance. The evidence supplied by the complainant clearly established that all three defendants acted in concert during the actual robbery and in this regard the evidence against them was virtually identical *(see, People v Burroughs,* 127 AD2d 843). Moreover, as none of the defendants confessed to the instant robbery there was no danger that the defendant would be prejudiced by such an admission *(cf., People v Payne,* 35 NY2d 22; *People v Quartararo,* 113 AD2d 845). Accordingly, we find that the joint trial of these three defendants was proper.

Furthermore, the conviction of the defendant was predicated upon legally sufficient evidence. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. The complainant, who had a good

opportunity to observe his assailants, was convincing in his identification *(see, People v Johnson,* 57 NY2d 969) of the defendant as being one of the three men who robbed him at gunpoint, *inter alia,* of his wallet, money and other possessions. Most of the stolen items were recovered after the arrests of the codefendants. The handgun recovered, which the complainant also identified, was found to be loaded and fully operable. Additionally, the obviously false responses given to the police by the defendant during an interview on an unrelated matter shortly after the robbery further constituted evidence of the defendant's consciousness of guilt *(see, People v Guthrie,* 157 AD2d 668). Accordingly the evidence clearly was legally sufficient *(see, People v Hughes,* 142 AD2d 689). Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that he was denied a fair trial by the repeated interruptions of the Trial Judge is unpreserved for appellate review because although the codefendant's counsel raised a pertinent objection, counsel for the defendant failed to join therein *(see, People v Ford,* 66 NY2d 428). In any event, although the Trial Judge could have exercised greater restraint *(see, People v Jordan,* 138 AD2d 407), we are satisfied that his participation in the questioning of witnesses was generally appropriate for purposes of clarification in this multiple-defendant trial and did not rise "to such an extent as to deny the defendant a fair and impartial trial" *(People v Jordan, supra,* at 407).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.