■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES JUSINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered April 27, 1989, convicting him of criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

None of the allegations of error raised by the defendant on appeal are preserved for appellate review. Only one was the subject of an objection at trial, but that was on a ground other than that asserted on appeal *(see, People v Balls,* 69 NY2d 641; *People v Dekle,* 56 NY2d 835) and the remainder drew no

objections at all. Accordingly, none of the alleged errors presently complained of is properly raised as the trial court was never given an opportunity to correct these alleged errors (CPL 470.05 [2]; *see, People v Udzinski,* 146 AD2d 245). In any event, none of the contentions advanced on appeal would warrant reversal.

In this regard, we would merely note that the defendant's assertions that the trial court improperly interjected itself into the proceedings or conducted itself in a biased manner are clearly unfounded on this record. The trial court exhibited appropriate restraint *(compare, People v Watts,* 159 AD2d 740) and did nothing to improperly influence the jury's deliberations *(see, People v Hernandez,* 137 AD2d 560). Accordingly, even if the defendant had preserved these allegations by registering specific objections at trial *(see, People v Charleston,* 56 NY2d 886), reversal would be unwarranted. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.