■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ALLAWAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered March 3, 1989, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt of the crimes charged because the evidence consisted of uncorroborated accomplice testimony *(see,* CPL 60.22 [1]). The accomplice's testimony was sufficiently corroborated by the testimony of the complainant, who identified the defendant as one of the perpetrators *(see, e.g., People v Glasper,* 52 NY2d 970; *People v Weiss,* 7 NY2d 139; *People v Burton,* 134 AD2d 269; *People v Yacobellis,* 24 AD2d 488, *affd* 19 NY2d 986).

Contrary to the defendant's further contention, he was not deprived of a fair trial by being tried jointly with two codefendants *(see,* CPL 200.40 [1]). Severance is not required solely because of hostility between the defendants, differences in their trial strategies or inconsistencies in their defenses. "It must appear that a joint trial necessarily will, or did, result in unfair prejudice to the moving party and substantially impair his defense" *(People v Cruz,* 66 NY2d 61, 73-74, *revd on other grounds* 481 US 186). Moreover, the decision to sever a case for a separate trial rests in the sound discretion of the trial court *(see, People v Mahboubian,* 74 NY2d 174; *People v Watts,* 159 AD2d 740). In this case, the defenses were not in irreconcilable conflict with each other so as to compel a severance. It was the defendant's claim that he was not at the scene of the crime. The codefendants contended that while they were present at the scene of the crime, they were merely bystanders who did not take part in the attack. Furthermore, the codefendants' general descriptions of the perpetrators did not inculpate the defendant.

The defendant's challenge to certain alleged improper comments made by the prosecutor during summation is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951), and we decline to review the claim in the exercise of our interest of justice jurisdiction. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.