■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD HAMILTON, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered March 13, 1990, convicting him of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's trial counsel failed to raise an objection to the instance of alleged prosecutorial misconduct cited by the defendant on appeal, and therefore, the issue of law is unpreserved for appellate review *(see,* CPL 470.05 [2]; *see, People v Knight,* 172 AD2d 627) and we decline to review the claim in the exercise of our interest of justice jurisdiction.

Contrary to the defendant's further contention, he was not deprived of a fair trial because he was tried jointly with the codefendant *(see,* CPL 200.40 [1]). The decision to sever a case for separate trial rests in the sound discretion of the trial court *(see, People v Mahboubian,* 74 NY2d 174; *see, People v Watts,* 159 AD2d 740). Where the proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance *(see, People v Watts, supra).* It must appear that a joint trial necessarily will, or did, result in unfair prejudice and substantial impairment to the moving party's defense *(People v Cruz,* 66 NY2d 61, *revd on other grounds* 481 US 186). Here, the defendant failed to advance sufficient reasons to warrant a separate trial. Both the defendant and codefendant utilized an identification defense at trial. Both pointed out the discrepancies in the complainant's testimony and asserted that the jury should not deem the complainant to be credible. Thus, both used identical defenses and cannot be said to have been prejudiced by the court's failure to grant separate trials. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.