■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MANOS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered May 12, 1989, convicting him of kidnapping in the first degree, robbery in the third degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the evidence adduced at trial was insufficient to establish his guilt as an accessory to the crimes committed by the codefendant Robert Wooley. We disagree. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The defendant and Wooley were friends and the evidence elicited at trial shows that defendant assumed a purposeful and necessary role in the planned commission of the crimes. It is clear that the defendant shared a " 'community of purpose' " with Wooley *(People v Allah,* 71 NY2d 830, 832; *People v Herring,* 149 AD2d 731).

We conclude that the court properly denied the defendant's pretrial motion for a trial separate from that of the codefendant Wooley. When, as here, the proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant separate trials. We find that the defendant has failed to advance sufficient reasons to warrant a separate trial *(see, People v Mahboubian,* 74 NY2d 174, 183; *People v Watts,* 159 AD2d 740). We also note that it was here appropriate to direct a joint bench and jury trial *(see, People v Amato,* 173 AD2d 714, *cert denied* — US —, 112 S Ct 935; *People v Wallace,* 153 AD2d 59). Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.