■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY THOMAS, Appellant. [602 NYS2d 913] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 9, 1991, convicting him of attempted murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the codefendant were jointly tried on a theory of acting in concert in connection with the robbery and stabbing of the complainant. The jury found the defendant guilty of certain counts and acquitted the codefendant of all counts. On appeal the defendant argues, *inter alia,* that the trial court improvidently exercised its discretion in denying his request for separate trials since the defenses presented by the defendant and the codefendant were irreconcilable. We disagree.

The decision to direct separate trials rests in the sound discretion of the trial court and the defendant bears the heavy burden of showing that the discretion was exercised improvidently *(see, People v Mahboubian,* 74 NY2d 174). Where, as here, the proof against two or more defendants is supplied by the same evidence, only the most cogent reasons warrant separate trials *(see, People v Manos,* 181 AD2d 796). As to the defendant's claim that his defenses and those of the codefendant were irreconcilable, we note that where, as here, the defendant claims that he was not at the scene of the crime and the codefendant contends that he was merely a bystander, the defenses are not irreconcilable *(see, People v Allaway,* 172 AD2d 617). "It must appear that a joint trial necessarily will, or did, result in unfair prejudice to the moving party and substantially impair his defense" *(People v Cruz,* 66 NY2d 61, 73-74, *revd on other grounds* 481 US 186). Since separate trials are not required solely due to hostility between defendants, or differences in their trial strategies or defenses *(see, People v Cruz, supra; People v Allaway, supra),* the defendant has failed to advance any sufficient reason to warrant a separate trial here.

The defendant's contention that the codefendant's extra-judicial statement inculpating him, deprived the defendant of a fair trial is also without merit. Here, the trial court adequately instructed the jury to consider the extra-judicial statement of the codefendant only to assess his own credibility. The defendant's right to confrontation was not infringed by the

admission of his codefendant's statement since the codefendant testified at trial and the defendant had ample opportunity to cross-examine him *(see, People v Jackson,* 178 AD2d 438).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.