THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE GORDON, Appellant. [747 NYS2d 786]

Viewing the evidence in the light most favorable to the pros-

ecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant sold a quantity of cocaine to an undercover police officer at the time and place charged. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant was properly tried jointly with his codefendant (*see People v Thomas,* 197 AD2d 719; *People v Allaway,* 172 AD2d 617). The defendant, who allegedly possessed and sold the cocaine, raised a misidentification defense. The codefendant raised an agency defense. Neither the defendant nor the codefendant testified at trial and neither presented any relevant factual evidence attempting to shift the blame to the other (*cf. People v Mahboubian,* 74 NY2d 174).

The defendant's remaining contentions are without merit. Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.