Memorandum. On this appeal, defendant, while contesting neither the weight, nor the legal sufficiency of the evidence adduced at trial, contends that numerous factors at trial mandate that the conviction be reversed. Specifically, defendant maintains that he was denied a fair trial by the “atmosphere” in the courtroom, the bias of the Trial Judge, various legal errors committed by the Trial Judge, and several instances of prosecutorial misconduct.
Although the trial court exhibited a certain degree of acrimony during the several heated exchanges with defense counsel, we must consider the context in which this occurred. Defendant’s trial lasted for approximately three weeks and was marked by aggressive advocacy on the part of both the defense and prosecution. Defense counsel, a retained attorney, persistently failed to obey proper evidentiary rulings and engaged in tactics designed to disrupt and to infuriate throughout the trial and summation. When such a situation is created by defense counsel, defendant may not, absent other circumstances, successfully allege he was deprived of a fair trial. The trial court was justified, indeed obligated, to assume aggressive control of the proceedings to ensure a fair trial (People v Marcelin, 23 AD2d 368 [Eager, J.]). Significantly, the prompt, curative instructions by the Trial Judge should have served to dispel any prejudice and to emphasize to the jury that their only concern was to assess the defendant’s guilt or innocence rather than the conduct of counsel or the court. Accordingly, we conclude that the trial court, under *211 extraordinarily difficult circumstances, preserved the defendant’s right to a fair trial.
We find the other errors alleged by defendant to be without merit or not properly preserved. The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.