■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND SCHNEIDER, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was indicted for murder, second degree, following the garrotting death of his wife. His defense was not guilty by reason of insanity (Penal Law, § 30.05). Also, he pleaded as an affirmative defense to murder, second degree, that he acted under the influence of extreme emotional disturbance (Penal Law, § 125.25, subd 1, par |a]). The jury apparently accepted this affirmative defense and convicted defendant of manslaughter, first degree (Penal Law, § 125.20). ¶ Defendant's primary contention on appeal is that he was deprived of a fair trial due to the prejudice and disruption which resulted from numerous acrimonious exchanges between defense counsel and the court (see *People v De Jesus*, 42 NY2d 519, 523-524). We agree that the court, during this lengthy and emotion-ridden trial, was petulant and sarcastic in colloquies with defense counsel (some of which took place before the jury) and that it was unnecessarily overbearing in its treatment of defendant's two minor daughters who were called by the People as witnesses. Much of the acrimony and disruption was, however, precipitated by defense counsel's deliberate goading of the court (see *People v Gonzalez*, 38 NY2d 208, 210). Where defense counsel engages in tactics which are designed to disrupt the trial, "defendant may not, absent other circumstances, successfully allege he was deprived of a fair trial" (*People v Gonzalez, supra*, p 210). Further we do not believe that the court's handling of the trial either gave the appearance of partiality (cf. *People v Bell*, 38 NY2d 116, 120) or tended to "obfuscate the development of factual issues * * * relevant to guilt or innocence" (*People v Alicea*, 37 NY2d 601, 605) so as to deprive defendant of a fair trial. ¶ Defense counsel did not object to some of the portions of the jury instructions which are now assigned as error (see CPL 470.05, subd 2; *People v Thomas*, 50 NY2d 467), and we decline to consider them in the exercise of discretion (see CPL 470.15, subd 6, par [a]; *People v Thomas, supra*, p 473); the alleged errors which were properly preserved for review do not warrant reversal. (Appeal from judgment of Supreme Court, Erie County, Stiller, J. — manslaughter, first degree.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Moule, JJ.