■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK A. CHRYSLER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered July 12, 1985, upon a verdict convicting defendant of the crime of robbery in the third degree.

In an effort to overturn the jury's verdict, defendant questions the trial court's *Sandoval* ruling, its failure to provide an identification charge, and his warrantless arrest which defendant maintains was constitutionally impermissible. Not only is the *Sandoval* ruling eminently correct, but it warrants no discussion. Further, since defendant's identification was not

in issue—the overriding concern being that of the credibility of those persons who were undeniably at the scene with defendant when the victim was robbed—there was no need for the court, even if it had been requested to do so, to give the jury special instructions for evaluating identification testimony.

Nor do we discern any impropriety in the fact that a warrant was not issued for defendant's arrest. At a police briefing held in early February 1985, members of the Albany City Police, including Officer Nunzio Cangemi, were alerted that defendant, who the victim had identified and whose picture, as a result, was circulated among the officers and examined by Cangemi, was wanted for robbery. On the night of March 4, 1985, just five weeks after the robbery, Cangemi was parked in a squad car across the street from a tavern where unrelated criminal activity had been reported. As other officers entered the building, Cangemi noticed defendant, wearing a short sleeved shirt and no overcoat, slip past the officers into the freezing cold outside. After defendant, who had observed Cangemi's squad car, turned a nearby corner, Cangemi watched him run away. Cangemi pursued and encountered defendant standing on the basement stoop of a house. Asked if he knew someone who lived there, defendant indicated he did and, when questioned as to his own name, defendant identified himself. Cangemi then recognized him as the suspect in the instant crime and made the arrest.

CPL 140.10 (1) (b), the validity of which is unchallenged, authorizes a police officer to make a warrantless arrest for a "crime when he has reasonable cause to believe that such person [being arrested] has committed such crime, whether in his presence or otherwise". The proper inquiry is, therefore, not, as defendant asserts, whether a warrant could have been obtained, but rather whether there was reasonable cause for the arrest (see, *United States v Watson,* 423 US 411, 417). Here, that standard was satisfied, for the victim's positive identification of defendant prompted Cangemi to effect the arrest (see, *People v West,* 110 AD2d 971, 973; *People v Murphy,* 97 AD2d 873, 874).

We are also of the view that defendant's furtive effort to avoid being observed by the police on the evening of his arrest was sufficiently suspicious to warrant investigative inquiry of him by Cangemi (see, *People v Valo,* 92 AD2d 1004, *appeal dismissed* 60 NY2d 588). That defendant was then on the outdoor stoop of an apartment house is of no moment, given that he did not enter the building and that Cangemi had been

pursuing him without interruption *(compare Payton v New York,* 445 US 573, *with Matter of Stark v New York State Dept. of Motor Vehicles,* 104 AD2d 194, *affd* 65 NY2d 720).

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.