■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS REYNOLDS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 27, 1983, convicting him of murder in the second degree (two counts), burglary in the first degree (three counts), and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant does not contest that probable cause existed to arrest him for his participation in a crime committed several months prior to his apprehension, but asserts that his arrest, which was made in a public place, was illegal because the police had failed to obtain a warrant. The law is clear, however, that when an arrest occurs in a public place, no requirement exists that a warrant be obtained simply because there was time to do so (see, CPL 140.10; *United States v Watson,* 423 US 411, 415-424, *reh denied* 424 US 979; *People v Chrysler,* 122 AD2d 460, *lv denied* 68 NY2d 810).

The court did not err in refusing to charge the affirmative defense to felony murder, as the defendant's own testimony shows that he was aware that his accomplices were armed and planning to commit a robbery (see Penal Law § 125.25 [3]). Finally, in view of the shocking and brutal nature of the crime committed by the defendant and his accomplices, we do not consider the imposition of the maximum sentence to have been excessive. Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.