◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE CUBA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered June 5, 1987, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there is no "reasonable view of the evidence" adduced at trial which would support a finding that he intended to cause only physical injury to his victim within the definition of assault in the second degree, rather than serious physical injury within the definition of assault in the first degree *(People v Blim,* 63

NY2d 718, 720; *see,* Penal Law § 120.05 [2]; § 120.10 [1]; *People v Glover,* 57 NY2d 61). In this regard, we note that the evidence adduced at trial established that the defendant stabbed the victim 12 times with a knife, striking the victim's heart, neck, throat and chest. The type of weapon used, the manner in which it was used, and the number and location of the stab wounds inflicted upon the victim thus exclude " ' "every possible hypothesis" ' but guilt of assault in the first degree" *(People v Porter,* 69 AD2d 1007; *cf., People v Mahoney,* 122 AD2d 815). Accordingly, the trial court's refusal to submit assault in the second degree to the jury as a lesser included offense of assault in the first degree was not error *(see, People v Blim, supra; People v Glover, supra; People v Scarborough,* 49 NY2d 364; *People v Echevarria,* 105 AD2d 753).

We further reject the defendant's contention that he was deprived of a fair trial by the trial court's alleged denigration of defense counsel and bolstering of the prosecution. While the trial court repeatedly criticized defense counsel's conduct in front of the jury and at one point held her in summary contempt of court, our review of the record discloses that the court's actions were provoked by defense counsel's persistent misconduct in disregarding the court's evidentiary rulings, arguing with the court over its rulings, interrupting the prosecutor and the court, and calling the complaining witness a liar. Where defense counsel engages in tactics which are designed to disrupt and infuriate the court, the "defendant may not, absent other circumstances, successfully allege he was deprived of a fair trial" *(People v Gonzalez,* 38 NY2d 208, 210; *see, People v Schneider,* 100 AD2d 733; *see also, United States v Robinson,* 635 F2d 981). Moreover, the trial court's admonishments regarding proper courtroom conduct were frequently directed at the prosecutor. While admonishments of counsel should be made outside of the hearing of the jury to maintain an aura of impartiality, reversal is not warranted where the court's admonishments are directed to both the prosecutor and defense counsel *(see, People v Vargas,* 150 AD2d 513; *People v Jordan,* 138 AD2d 407; *see also, United States v Robinson, supra).* Additionally, any potential prejudice to the defendant was minimized by the trial court's instructions to the jury and the charge which advised the jury that the court had no opinion concerning the case, that it was the attorneys' duty to make objections, and that it was the jury's duty to decide this case solely upon the evidence *(see, United States v Robinson, supra; People v Gonzalez, supra; People v Keppler,* 92 AD2d 1032).

Further, the trial court did not err in denying the defendant's motion for a mistrial after the prosecutor inadvertently elicited from the arresting officer a brief reference to the defendant's prior incarceration. Any prejudice which may have resulted from the officer's remark was alleviated by the trial court's thorough curative instruction *(see, People v Moore,* 148 AD2d 754; *People v Banks,* 130 AD2d 498; *see also, People v Santiago,* 52 NY2d 865).

We have reviewed the defendant's remaining contentions and find them to be without merit. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.