■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ALMEIDA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered July 25, 1988, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of a fair trial by the trial court's alleged denigration of defense counsel. While the trial court did engage in indiscreet editorializing when making its rulings, those comments did not rise to the level where it could be said that it gave the

appearance of taint or partiality which tended to "throw the scales out of balance" *(People v DeJesus,* 42 NY2d 519, 524, quoting *People v Bell,* 38 NY2d 116, 120; *cf., People v Williams,* 133 AD2d 717, 719). Significantly, the prosecutor was also the subject of the trial court's inappropriate remarks. "While admonishments of counsel should be made outside of the hearing of the jury to maintain an aura of impartiality, reversal is not warranted where the court's admonishments are directed to both the prosecutor and defense counsel" *(People v Cuba,* 154 AD2d 703, 704; *see also, People v Vargas,* 150 AD2d 513; *People v Jordan,* 138 AD2d 407). Additionally, any potential prejudice was minimized by the trial court's instructions and charge to the jury that they should draw no conclusions from its rulings made upon objection by counsel and that it had no opinion one way or another.

We also do not find that the trial court improvidently exercised its discretion in limiting defense counsel's cross-examination of witnesses. The trial court has a wide latitude and broad discretion to limit the scope of cross-examination in pursuit of the effective administration of the trial. In almost all the instances cited by the defendant, the cross-examination ventured into collateral issues which were properly limited by the trial court in its sound discretion.

The claim that the jury verdict was repugnant is not preserved for appellate review inasmuch as the defendant failed to register an objection prior to the discharge of the jury when the infirmity, if any, might have been remedied by resubmission to the jury for reconsideration of its verdict *(see,* CPL 470.05 [2]; *People v Stahl,* 53 NY2d 1048). In any event, when viewed in light of the charge given, without regard to the particular facts of the case *(see, People v Tucker,* 55 NY2d 1, 7), an acquittal of the defendant of criminal possession of a controlled substance in the first degree was not conclusive as to a necessary element of criminal sale of a controlled substance in the first degree charged on a theory of accessorial liability.

Finally, while the trial court erred in admitting the hearsay testimony of a telephone conversation that the codefendant had with another person without first establishing a prima facie case of conspiracy *(see, People v Salko,* 47 NY2d 230, 237), the admission of the evidence was harmless in light of the overwhelming evidence of the defendant's guilt *(People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.