■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CUMMINGS, Appellant.—Judgment of the Supreme Court, New York County (Dennis Edwards, Jr., J., at omnibus

suppression hearing; William Davis, J., at jury trial and sentence), rendered April 25, 1988, convicting defendant of robbery in the second degree, is unanimously affirmed.

Defendant was found guilty of robbing a 48-year-old male complainant when the complainant asked defendant and his companion for directions. On the guise of writing out the directions, the defendant and his companion took the complainant into a building where the robbery occurred. Defendant told the police and was taken to a police precinct where he gave a description of the robbers.

The complainant, who had had several strokes, was taken to Harlem Hospital because he had difficulty breathing. In the meantime, police officers went to the building where the robbery occurred, saw two individuals who fit the description of the robbers and took them to Harlem Hospital. The complainant identified the defendant who was arrested. The other man was not identified and was let go. The complainant's watch was recovered from the defendant.

Defendant's arrest was supported by probable cause. At the suppression hearing, Officer Morgan testified that the complainant described the first robber as a 25-to-30-year-old black man between 5 feet, 4 inches and 5 feet, 6 inches tall. He weighed between 145 and 165 pounds. The complainant said this robber wore camouflaged pants, white sneakers and an army jacket. The complainant also described the second assailant as a heavy-set man, about 23 to 27 years old, who was wearing blue jeans and a blue sweatshirt. In reaching our conclusion, we have also taken note that the defendant and his companion, who was subsequently released, were found at the scene of the crime, and defendant makes no claim that he did not fit the description. *(Compare, People v Bannister,* 155 AD2d 353, *lv denied* 75 NY2d 810, *with People v Lane,* 102 AD2d 829.)*

We also find that the victim's spontaneous identification of defendant at the hospital was not unnecessarily suggestive. *(People v Logan,* 25 NY2d 184; *People v Adams,* 53 NY2d 241.)* Removing the defendant from the street to the hospital for the purpose of allowing the complainant to make an identification was a reasonable procedure. The defendant had been taken into custody only 10 minutes after the arresting officer had heard the complainant describe his assailants, and, in the interim, the complainant had been removed from the precinct to the hospital because he was experiencing difficulty breathing.

We reject the defendant's claim that he was deprived of a fair trial because the court disparaged counsel in front of the jury. The record shows that counsel persisted in a line of questioning in spite of several rulings by the court and explicit directions to desist. Thus, the exchanges between the court and defense counsel were a product of defense counsel's tactics, and it cannot be concluded that defendant was deprived of a fair trial. *(People v Gonzalez,* 38 NY2d 208, 210.)

We also reject defendant's claim that the court abused its discretion when it ruled that defendant, if he chose to testify, could have been asked if he had been convicted of robbery, without going into the underlying facts. The court's "compromise" was well suited to the facts and circumstances of this case *(cf., People v Sandoval,* 34 NY2d 371, 375), notwithstanding defense counsel's suggestion that any potential cross-examination be limited to the fact that defendant had been convicted of a "felony". Concur—Ross, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.