■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD TROY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered December 20, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that the court erred when it failed to charge that guilt had to be proven to a "moral certainty". Preliminarily, we note that this argument has not been preserved for appellate review (CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, this argument must be rejected on the merits. The evidence against the defendant was both direct and circumstantial, and accordingly, a special instruction regarding circumstantial evidence was not required *(see, People v Ruiz,* 52 NY2d 929; *People v Barnes,* 50 NY2d 375; *People v Lilly,* 158 AD2d 622; *People v Ellis,* 146 AD2d 709).

The defendant also argues that the trial court repeatedly criticized defense counsel's conduct in front of the jury, and thereby deprived him of a fair trial. We disagree. The record clearly indicates that the court's actions were provoked by defense counsel's persistent misconduct in disregarding the court's evidentiary rulings, and in arguing with the court over its rulings. Where a defense counsel engages in tactics which are "designed to disrupt and to infuriate" the court, the "defendant may not, absent other circumstances, successfully allege he was deprived of a fair trial" *(People v Gonzalez,* 38 NY2d 208, 210; *People v Cuba,* 154 AD2d 703; *see also, People v Schneider,* 100 AD2d 733).

We have examined the defendant's other claims, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review, harmless beyond a reasonable doubt or without merit *(see,* CPL 470.05 [2]; *People v Crimmins,* 36 NY2d 230; *People v Reynolds,* 132 AD2d 632; *see also, People v Melendez,* 55 NY2d 445; *People v Yut Wai Tom,* 53 NY2d 44, 57; *People v Jemmott,* 144 AD2d 694; *People*

*v Johnson,* 130 AD2d 766; *People v MacCall,* 122 AD2d 79). Mangano, P. J., Lawrence, Balletta and O'Brien, JJ., concur.