■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL E. CHAMBERLAIN, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered October 13, 1989, upon a verdict convicting defendant of the crimes of murder in the second degree and leaving the scene of an incident without reporting.

In the early morning of May 5, 1989, defendant, allegedly driving a motor vehicle while intoxicated, struck and killed a woman riding a bicycle. A jury found defendant guilty of murder in the second degree in violation of Penal Law § 125.25 (2) and leaving the scene of an incident without reporting in violation of Vehicle and Traffic Law § 600 (2) (a). Defendant was sentenced to an indeterminate term of imprisonment of 25 years to life on the murder conviction and to a definite term of imprisonment of one year for leaving the scene of the incident, to be served concurrently. Defendant appeals; we affirm.

Initially, contrary to defendant's contention, we find that the prosecutor's opening statement satisfied the requirements of CPL 260.30 (3). The prosecutor read the factually detailed counts of the indictment to the jury and then stated that the witnesses' testimony would show that defendant was driving; that he intended to cause the victim's death and did so; that

the description of the manner in which the vehicle struck the bicycle and the victim would establish defendant's depraved indifference to human life; that both testimony and chemical tests would reveal that defendant was intoxicated at the time; and that physical evidence including pieces of the car's headlight housing, paint marks left on the bumper of the car, a smashed windshield, and photographs would show unquestionably that it was the vehicle defendant was driving that hit the bicycle and victim. Taken together the prosecutor's initial and supplemental opening statements set forth the nature of the charges against defendant and the facts, briefly stated, that the People expected to prove, with supporting evidence sufficient to enable the jury to intelligently understand the nature of the case (see, People v Kurtz, 51 NY2d 380, 384, cert denied 451 US 911; People v Adams, 139 AD2d 794, 795).

Unconvincing also is defendant's claim that he was deprived of a fair trial by virtue of County Court's demeanor and conduct toward his counsel. During the trial, which was marked by aggressive advocacy on the part of the defense as well as the prosecution, the court had occasion to admonish defendant's counsel for his mannerisms (described by the court as designed to discredit witnesses' answers), body language, shouting (after being warned not to) and the facetiousness of certain of the questions. The record indicates that these admonishments were brought on by reason of defense counsel's vigorous tactics (see, People v Troy, 162 AD2d 744, lv denied 77 NY2d 844, lv dismissed 78 NY2d 976; see also, People v Gonzalez, 38 NY2d 208, 210). That County Court also admonished the prosecution where appropriate and instructed the jury that no inferences should be drawn from comments between counsel, colloquy between court and counsel, and the court's rulings on motions and objections, minimized any potential prejudice resulting from these various admonishments (see, People v Almeida, 159 AD2d 508, 509, lv denied 76 NY2d 730; People v Cuba, 154 AD2d 703, 704, lv denied 75 NY2d 811).

Nor did County Court err in denying defendant's motion for a mistrial after receiving two letters from three jurors. Both letters expressed concern that the trial would last longer than originally anticipated and thus impact adversely on their employment. One of the letters also reflected at least two jurors' frustration with what these jurors perceived to be the "utter irrelevance, and repetition" of defense counsel's questions (see, People v Buford, 69 NY2d 290, 299). The court, exercising its considerable discretion when juror misconduct is

charged, questioned each juror and the alternates individually in camera in the presence of the attorneys and concluded, quite rightly in our view, that none of the jurors had engaged in substantial misconduct or were "grossly unqualified" (CPL 270.35; *see, People v Dunlap,* 132 AD2d 953, 954, *lv denied* 70 NY2d 799) or unable to reach an impartial verdict *(see, People v Buford, supra; see also, People v Rodriguez,* 71 NY2d 214, 219-220). Furthermore, following these interviews, the court repeated its prior instruction concerning the jurors' obligations of impartiality. We are unpersuaded by defendant's argument that the several-day interim between the date the letters were received by County Court and the date of the court's inquiry of the jurors rendered that inquiry untimely or, because testimony was received during that time from several prosecution witnesses, meaningless.

Finally, County Court's *Sandoval* ruling was not improvident. The court ruled that defendant could be cross-examined if he took the stand regarding two 1988 misdemeanor convictions for unauthorized motor vehicle use. Those convictions were deemed to be "indicative of the defendant's tendency to put interest of self above the interest of society" and "highly probative of [his] credibility" *(see, People v Sandoval,* 34 NY2d 371, 376-377; *People v Hendricks,* 161 AD2d 895, 896, *lv denied* 76 NY2d 858); this is so despite the fact that the prior convictions as well as the case at hand involve defendant's use of a motor vehicle *(see, People v Winfield,* 145 AD2d 449, 450, *lv denied* 73 NY2d 1024). We have examined defendant's remaining contentions and find them similarly lacking in merit.

Mahoney, P. J., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.