■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY MEADE, Appellant. [603 NYS2d 876] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 4, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, the complainant stated that immediately before the robbery, the defendant had asked him if he knew anyone who wanted to purchase a gun. The defendant sought to impeach the complainant during cross-examination by attempting to elicit that during his Grand Jury testimony, the complainant had not mentioned the defendant's offer to sell him a gun. Upon the prosecutor's objection, the court precluded that line of questioning. Later, during cross-examination of a detective, the defendant again attempted to impeach the complainant's credibility by trying to show that the defendant had not mentioned the offer to the police. Again, the court precluded that line of questioning.

Contrary to the defendant's contention, we find that he failed to establish that during his Grand Jury testimony or when being questioned by the police, the complainant had been asked about the defendant's offer to sell guns. Thus, neither the Grand Jury testimony nor the police report were inconsistent with the complainant's testimony at trial *(see, People v Bornholdt,* 33 NY2d 75, *cert denied* 416 US 905; *People v Garriga,* 159 AD2d 634, 635). Accordingly, the trial court properly limited cross-examination on this issue.

Further, the court's statements during the defendant's cross-examination of the detective were proper. Instead of continuing with questions, defense counsel continued to object and to challenge the court's ruling limiting cross-examination. The defense counsel's insistence upon objecting after being told to continue with questioning provoked the court's actions

*(see, People v Troy,* 162 AD2d 744; *People v Cummings,* 162 AD2d 142, 144). Thus, the court's comments were the result of defense counsel's tactics and did not constitute reversible error *(see, People v Gonzalez,* 38 NY2d 208, 210).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.