■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED BELLAMY, Appellant. [668 NYS2d 887] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered January 11, 1996, convicting defendant, after a jury trial, of kidnapping in the second degree, two counts of burglary in the first degree, robbery in the first degree, robbery in the second degree, and two counts of assault in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life on the kidnapping, burglary and first degree robbery convictions, 8 years to life on the second degree robbery conviction and 6 years to life on the assault convictions, unanimously affirmed.

The record indicates that the court's rulings throughout the trial were appropriate and designed "to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof" (*People v Moulton,* 43 NY2d 944, 945). In the instances where the court rebuked defense counsel, whether or not in the presence of the jury, the situation was created by counsel's tactics and did not deprive defendant of a fair trial (*see, People v Gonzalez,* 38 NY2d 208).

Defendant's current claims of error in connection with the prosecutor's summation are unpreserved. Were we to review them in the interest of justice, we would find that the com-

ments now complained of, in context, constituted appropriate response to the defense summation (*People v Overlee*, 236 AD2d 133) and rhetorical comment acceptable in closing argument (*People v Galloway*, 54 NY2d 396). Further, we note that any possible prejudice to defendant in connection with credibility arguments was obviated by the court's prompt and repeated instructions to the jury regarding proper consideration of the credibility issues raised and the People's sole burden of proof, which instructions presumably were understood and followed by the jury (*see, People v Davis*, 58 NY2d 1102).

We perceive no abuse of discretion in sentencing. Concur— Lerner, P. J., Sullivan, Rosenbeger, Nardelli and Andrias, JJ.