■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAN XING GUO, Appellant. [707 NYS2d 854] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered August 19, 1997, convicting him of kidnapping in the first degree (three counts), burglary in the first degree, robbery in the first degree (two counts), and unlawful imprisonment in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that reversal is required by the trial court's alleged denigration of defense counsel and demonstration of favoritism toward the prosecution is unpreserved for appellate review (*see,* CPL 470.05; *People v Udzinski,* 146 AD2d 245). In any event, the claim is without merit. While the trial court criticized defense counsel's conduct in front of the jury and made some comments that were less than favorable, the court's actions were provoked by the defense counsel's persistent misconduct (*see, People v Gonzalez,* 38 NY2d 208, 210; *People v Schneider,* 100 AD2d 733). Moreover, the court also made some comments that were unfavorable to the prosecutor. Although admonitions of counsel should be made outside of the hearing of the jury to maintain an aura of impartiality, reversal is not warranted where admonitions were directed to both the defense counsel and the prosecutor (*see, People v Cuba,* 154 AD2d 703, 704; *People v Vargas,* 150 AD2d 513; *People v Jordan,* 138 AD2d 407). Additionally, any potential prejudice to the defendant was minimized by the trial court's instructions to the jury advising it that the court had no opinion concerning the case (*see, People v Cuba, supra,* at 704).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.