■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant. [823 NYS2d 16]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered February 20, 2004, convicting defendant, after a jury trial, of murder in the second degree and assault in the second degree, and sentencing him to concurrent terms of 20 years to life and seven years, respectively, unanimously affirmed.

The court properly excluded hearsay evidence offered by defendant. The evidence consisted of a 911 tape in which an identified caller who was not a witness to the incident provided a description of the assailant that was at variance with the description given by an eyewitness. This eyewitness testified that he never gave the caller any description. We reject defendant's argument that the description on the 911 tape was admissible as a prior inconsistent statement by the eyewitness. The evidence fails to support the inference that the eyewitness was the source of the description on the tape. Moreover, at a hearing outside the presence of the jury, the 911 caller testified that he was certain that the eyewitness never gave him a description of the assailant.

Because the statement by the 911 caller lacked sufficient indicia of reliability, the court properly rejected defendant's alternate argument that his constitutional right to present a defense required its admission (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *People v Burns*, 18 AD3d 397 [2005], *affd* 6 NY3d 793 [2006]). Finally, even if we were to find the court should have admitted the tape, we would find the error to be harmless under the standards for both constitutional and nonconstitutional error in view of the overwhelming evidence of defendant's guilt, which included, among other things, the testimony of multiple eyewitnesses (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Mazzarelli, J.P., Andrias, Sullivan, McGuire and Malone, JJ.