■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHORISTINE MARTIN, Appellant. [824 NYS2d 107]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered April 19, 2004, convicting her of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's rulings during voir dire violated her constitutional rights is without merit. The trial court properly exercised its discretion in prohibiting the defense counsel from posing improper and repetitive questions to prospective jurors (*see People v Jean,* 75 NY2d 744, 745 [1989]; *People v Boulware,* 29 NY2d 135 [1971]; *People v Johnson,* 272 AD2d 481 [2000]).

The defendant's contention that the trial court impeded her ability to present a defense by curtailing her cross-examination of the complainant's description of the perpetrator's hair is belied by the record. The defense counsel elicited from the complainant that the perpetrator had short hair. Further, the objections to the cross-examination with respect to the perpetrator's hair that were sustained were objections to form rather than substance (*see People v Marino,* 21 AD3d 430, 432 [2005]). The defendant's remaining contentions regarding cross-examination are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Angelo,* 88 NY2d 217, 222 [1996]; *People v Lyons,* 81 NY2d 753 [1992]; *People v Paixao,* 23 AD3d 677 [2005]; *People v Marino, supra; People v Mayo,* 17 AD3d 485 [2005]) and, in any event, do not require reversal.

The defendant's contention that she was deprived of a fair trial by the court's alleged denigration of the defense counsel is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Prado,* 4 NY3d 725 [2004]; *People v Smalls,* 293 AD2d 500 [2002]). In any event, the claim is without merit. Although the

trial court may have criticized the defense counsel's conduct in front of the jury, the court's actions were justified by the defense counsel's persistent disregard for the court's evidentiary rulings (*see People v Man Xing Guo,* 271 AD2d 700 [2000]; *People v Bistonath,* 216 AD2d 478, 479 [1995]; *People v Cuba,* 154 AD2d 703 [1989]). Moreover, any potential prejudice to the defendant was minimized by the trial court's instructions to the jury that it had no opinion about the case, and that the jury was not to draw any inference from anything it said to the attorneys (*see People v Bembury,* 14 AD3d 575 [2005]; *People v Man Xing Guo, supra; People v Cuba, supra* at 704).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.