THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BANKS, Appellant. [854 NYS2d 359]—

The court properly exercised its discretion in denying defendant's request for an agency charge since there was no reasonable view of the evidence, viewed most favorably to defendant, that he acted solely on behalf of the buyer (*see People v Herring*, 83 NY2d 780 [1994]; *People v Lam Lek Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]; *People v Vaughan*, 300 AD2d 104 [2002], *lv denied* 99 NY2d 633 [2003]). Defendant negotiated the price for a large-scale drug purchase with the buyer (a confidential informant with whom he was slightly acquainted) and accepted the money. There is nothing to suggest that defendant was "buying" on behalf of the informant from a separate "seller." On the contrary, all the evidence, with particular reference to defendant's own recorded conversations with the informant, indicated that defendant was part of an ongoing narcotics operation, and that he wanted to do future business with this customer.

Although the court's general interference with defendant's cross-examination of witnesses was unnecessarily intrusive (*see People v Canto*, 31 AD3d 312 [2006], *lv denied* 7 NY3d 900 [2006]), defendant was able to impeach the prosecution witnesses meaningfully, and there was no violation of defendant's right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). While the court precluded defendant from eliciting a prior inconsistent statement by the informant about an aspect of his criminal history, defendant received ample scope in which to impeach the informant by way of his background and character, and the benefits he received in return for his cooperation. The other limitations on cross-examination of the informant did not prevent defendant from asserting his theory that the informant falsely implicated defendant and obtained the drugs from someone else. With respect to a detective, the lines of inquiry that the court precluded called for hearsay without offering any foundation or theory of admissibility, or were repetitive.

The court's general charge to the jury concerning interested witnesses was sufficient, given the overall context of the trial (*see People v Inniss*, 83 NY2d 653, 659 [1994]). Concur—Mazzarelli, J.P., Andrias, Williams, Buckley and Acosta, JJ.