The defendant’s contentions that he was deprived of his rights to a fair trial, to confrontation, to present a defense, and to the effective assistance of counsel are without merit. The trial court’s remarks and comments, and the curtailment of defense counsel’s questioning, were proper responses to defense counsel’s tactics (see People v Gonzalez, 38 NY2d 208, 210 [1975]; People v Barron, 309 AD2d 942, 943 [2003]; People v Serrano, 253 AD2d 531, 532 [1998]; People v Troy, 162 AD2d 744 [1990]).
Because the statements of an alleged eyewitness recorded in police reports and police notes lacked sufficient indicia of reliability, the trial court properly excluded those statements (see People v Robinson, 89 NY2d 648, 654 [1997]; People v Alvarez, 44 AD3d 562, 564 [2007]; People v Santiago, 33 AD3d 448 [2006]). Moreover, the court did not improvidently exercise its discretion in denying the defendant’s request for a continuance of one business day to locate this eyewitness, as the record does *752 not indicate that the witness was within the court’s jurisdiction or that the requested continuance would have enabled defense counsel to locate the witness (see People v Stewart, 89 AD3d 1044, 1045 [2011]). The sentence imposed was excessive to the extent indicated herein. Skelos, J.P., Hall, Austin and Hinds-Radix, JJ., concur.