Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 12, 2011, convicting him of attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that he was deprived of his right to a fair trial by the County Court’s antagonistic attitude toward defense counsel is without merit. The court’s remarks and comments were proper responses to defense counsel’s advocacy (see People v Gonzalez, 38 NY2d 208, 210 [1975]; People v Llewellyn, 101 AD3d 751 [2012]; People v Barron, 309 AD2d 942, 943 [2003]).
The defendant contends that the County Court erred in not allowing him to make belated challenges for cause during the first round of jury selection. However, the defendant’s contention is unpreserved for appellate review (see CPL 470.05 [2]). Moreover, the defendant failed to develop a factual record sufficient to permit appellate review (see People v Cantor, 248 AD2d 395 [1998]).
The County Court providently exercised its discretion in precluding certain evidence of third-party culpability, as the evidence was purely speculative and would have caused undue delay, prejudice, and confusion (see People v Cowan, 92 AD3d 794, 795 [2012]; People v Cameron, 74 AD3d 1223, 1224 [2010]; *925 People v Williams, 64 AD3d 734, 735 [2009], affd 16 NY3d 480 [2011]).
The defendant’s contention that he was deprived of the effective assistance of counsel is without merit, as the record reveals that the defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
The contention raised in point five of the defendant’s brief is without merit. The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.E, Lott, Roman and Cohen, JJ., concur.