[6 NYS3d 903]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. MCCOMBS, Appellant.

Supreme Court, Appellate Term, Second Department,
9th and 10th Judicial Districts, February 17, 2015

### APPEARANCES OF COUNSEL

*Larkin, Axelrod, Ingrassia & Tetenbaum, LLP*, Newburgh (*John Ingrassia* and *Andrew H. Baginski* of counsel), for appellant.

*Francis D. Phillips, II, District Attorney*, Goshen (*Robert H. Middlemiss* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgments of conviction are affirmed.

On March 14, 2010, the People charged defendant, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), respectively, alleging that, on that date, defendant committed the offenses at 2:45 a.m. on Hamilton Road in the Town of Crawford. The People's witness at the jury trial testified that defendant had been discovered seated in the driver's seat of his vehicle, which was stopped in the middle of the road with its engine idling. Defendant had exhibited numerous indicia of intoxication and failed several roadside physical coordination tests. A subsequent test of his blood alcohol content produced a reading of .08% by weight. Defendant was convicted of both charges.

On appeal, defendant argues that the Justice Court should have excused two of the prospective jurors for cause, and that its refusal to do so required defendant to exercise his last peremptory challenge on the first juror before jury selection was completed; that the admission of the breathalyzer calibration and maintenance documentation violated his Confrontation Clause rights; that the court prevented defendant from interposing defenses; and that the court denigrated defense counsel before the jury, threatening to hold a contempt hearing based on alleged misconduct during summations. We disagree with these contentions and affirm the judgments of conviction.

Defendant sought to excuse for cause two jurors, the first of whom expressed her belief that it is wrong to operate a motor vehicle after having consumed any amount of an alcoholic beverage. After stating that she would follow the law as instructed and could be a fair and impartial juror, in response to a final question as to whether she could separate her personal feelings as to what the law should be from accepting the law as given, she replied, "I think so." The Justice Court declined to dismiss the juror for cause, and the defense used its last peremptory challenge to excuse her. The second juror acknowledged that his son-in-law is a police officer but stated that he never discussed the son-in-law's cases with him. When asked whether, notwithstanding his relationship with his son-in-law, he could be a fair and impartial juror, he replied, "I think so." The trial court also declined to excuse this juror for cause.

 A prospective juror should be excused for cause if he or she exhibits "a state of mind that is likely to preclude him [or

her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). However, "where prospective jurors unambiguously state that, despite preexisting opinions that might indicate bias, they will decide the case impartially and based on the evidence, the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is credible" (*People v Arnold*, 96 NY2d 358, 362-363 [2001]). In making that determination, a court "must look not to characterizations or snippets of the voir dire but to the full record of what the challenged jurors—sworn to speak truthfully—actually said" (*People v Shulman*, 6 NY3d 1, 28 [2005]; *People v Blyden*, 55 NY2d 73, 78 [1982] ["in considering whether such statements are unequivocal, the juror's testimony should be taken as a whole"]). A prospective juror's response, "I think so," to a query as to impartiality does not require an inference of equivocation. In *People v Chambers* (97 NY2d 417 [2002]), the Court of Appeals, noting that "[f]or more than a century, a juror's use of the word 'think' has been challenged as equivocal," held that such usage "is not a talismanic word that automatically makes a statement equivocal" (*id.* at 419); rather, such an expression should be "taken in context and [the voir dire considered] as a whole" (*id.*; *see also People v Shulman*, 6 NY3d at 28). Here, considering the voir dire as a whole, we find that the jurors otherwise affirmatively and credibly stated that they could be fair and impartial, and that their use of this language, both on a single occasion, did not render those assurances equivocal. Moreover, the first juror's stated preference for a stricter rule against drinking and driving than is provided by law did not require her dismissal for cause. She expressed her feelings in terms of her own conduct and repeatedly stated that she understood that the law does not penalize such conduct and that she could accept and apply the law as instructed by the court. Finally, considering his voir dire statements as a whole, the fact that the second juror had a relative in law enforcement did not require that he be excused for cause. Without more, mere acquaintance with someone in law enforcement is not a ground to excuse a juror for cause (*People v Furey*, 18 NY3d 284, 288 [2011] ["a prospective juror who had relatives in law enforcement—but no personal or social relationships with any of the testifying police officers—was not per se excludable for cause"]; *see e.g. People v Green*, 108 AD3d 782, 784 [2013] ["a juror's relationship with a (nontestifying) police officer . . . (is) insufficient to constitute implied bias"]).

The trial court's evidentiary rulings were proper. Confrontation Clause challenges (*see Crawford v Washington*, 541 US 36 [2004]) to the admission of a breath testing machine's calibration and maintenance documents under the business records exception to the hearsay rule (CPLR 4518) have been considered and rejected (*People v Pealer*, 20 NY3d 447 [2013]; *People v Lent*, 29 Misc 3d 14 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; *People v Lebrecht*, 13 Misc 3d 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Further, although the trial court deemed inadmissible on relevancy grounds defendant's documentary proof of calibrations and repairs performed on the breathalyzer instrument prior to the calibration that immediately preceded defendant's test and those performed after defendant's test, the court permitted defense counsel, over the People's objection, to convey to the jury the contents of those documents via the People's witness, and, by extension, defendant's argument that they implicate the operability of the instrument at the time of the test.

■ Finally, the court's reference, before the jury, to the possibility of a contempt hearing resulted from defense counsel's repeated, improper attempts to argue on summation, in effect, that the absence of the preparers of the breathalyzer documentation prejudiced the defense and that cross-examination would have revealed weaknesses in the proof. Here, the court had previously ruled, after lengthy argument, that the certification and maintenance documents were admissible as business records and that no Confrontation Clause rights were implicated by the People's "failure" to produce the records' preparers as witnesses. Nevertheless, during summations, defense counsel, in defiance of those rulings and contrary to well-settled law, and after repeated objections thereto had been sustained, continued to attempt to argue, in effect, that it was unfair to the defense for the prosecution to withhold witnesses who were testifying via the documents and thereby immune from confrontation, and that, by implication, their absence should be construed negatively against the People. Defense counsel gave no sign that he would respect the court's rulings as to the propriety of those arguments, and the court had little choice but to invoke a more forceful recourse than merely to continue to sustain objections, namely to warn counsel that a contempt hearing would be held if he continued to defy the court's express rulings. Under the circumstances, there was no error.

"New York courts have long held that a judge conducting a public trial is empowered to control the proceedings in what-

ever manner may be consistent with the demands of decorum and due process" (*People v Tohom*, 109 AD3d 253, 267 [2013]). In *People v Gonzalez* (38 NY2d 208, 210 [1975]), responding to a claim that the trial court's critical conduct toward defense counsel had deprived defendant of a fair trial, the Court of Appeals stated:

> "Defense counsel . . . persistently failed to obey proper evidentiary rulings and engaged in tactics designed to disrupt and to infuriate throughout the trial and summation. When such a situation is created by defense counsel, defendant may not, absent other circumstances, successfully allege he was deprived of a fair trial. The trial court was justified, indeed obligated, to assume aggressive control of the proceedings to ensure a fair trial."

While "admonitions of counsel should be made outside of the hearing of the jury to maintain an aura of impartiality" (*People v Man Xing Guo*, 271 AD2d 700, 700 [2000]), appellate courts have not hesitated to affirm convictions after trials which involved conflict between the court and defense counsel before juries (*see e.g. People v Martin*, 33 AD3d 1024, 1025 [2006] [conviction affirmed upon a finding that the trial court's criticism of defense counsel's conduct in front of the jury was "justified" given "defense counsel's persistent disregard for the court's evidentiary rulings"]; *People v Troy*, 162 AD2d 744 [1990] [same]), even where the trial court held defense counsel in summary contempt in the jury's presence (*People v Cuba*, 154 AD2d 703, 704 [1989] [conviction affirmed where the court's actions, including holding defense counsel in summary contempt of court, "were provoked (among other things) by defense counsel's persistent misconduct in disregarding the court's evidentiary rulings (and) arguing with the court over its rulings"]).

Further, in such contexts, courts have concluded that the "potential prejudice to [a] defendant [i]s minimized by the trial court's instructions to the jury that the court had no opinion about the evidence" (*People v Marston*, 71 AD3d 789, 790 [2010]; *People v Man Xing Guo*, 271 AD2d 700 [2000] [same]; *see also People v Martin*, 33 AD3d at 1025 ["any potential prejudice to the defendant (resulting from the trial court's alleged denigration of defense counsel before the jury) was minimized by the trial court's instructions to the jury that it had no opinion about the case, and that the jury was not to draw any

inference from anything it said to the attorneys"]). Here, the court, which complimented both counsel as to the quality of their advocacy in its final instructions, stated repeatedly that it had no opinion as to the merits of the case, that colloquy between the court and counsel "do not constitute evidence and must be disregarded," and that the jury was to confine its deliberations solely to the evidence, to the exclusion of the arguments of counsel. In our view, these instructions, which are presumed to have been followed (*People v Morris*, 21 NY3d 588, 598 [2013]; *People v Davis*, 58 NY2d 1102, 1104 [1983]; *People v Harris*, 117 AD3d 847, 855 [2014]), minimized any prejudice resulting from the court's reference to a contempt hearing.

Accordingly, the judgments of conviction are affirmed.

IANNACCI, J.P., MARANO and TOLBERT, JJ., concur.