■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER LLEWELLYN, Appellant. [28 NYS3d 345]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 5, 2012 (*People v Llewellyn,* 101 AD3d 751 [2012]), determining an appeal from a judgment of the Supreme Court, Kings County, rendered October 22, 2009.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Hall, J.P., Austin, Miller and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMELITA MATHURA, Appellant. [28 NYS3d 326]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered December 20, 2013, convicting her of burglary in the second degree, possession of burglar's tools, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of each crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on each count was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.