People v Santiago (2018 NY Slip Op 06867)





People v Santiago


2018 NY Slip Op 06867


Decided on October 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


7353 5168/14

[*1]The People of the State of New York, Respondent,
v
George Santiago, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered August 13, 2015, convicting defendant, after a jury trial, of grand larceny in the third degree, criminal possession of stolen property in the third degree and operating a motor vehicle while under the influence of alcohol, and sentencing him, as a second violent felony offender, to an aggregate term of three to six years, unanimously affirmed.
The verdict was not against the weight of the evidence
(see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supported the conclusion that defendant intended the natural consequences of his behavior, in that he intended to permanently "deprive" the owner of a vehicle, as that term is defined by statute (see Penal Law § 155.00[3]; People v Kirnon, 39 AD2d 666, 667 [1972], affd 31 NY2d 877 [1972]). The evidence does not support a finding that defendant was so intoxicated as to be unable to form the requisite intent.
The court's rulings concerning questioning of prospective jurors by the prosecutor and defense counsel were provident exercises of discretion (see People v Jean, 75 NY2d 744 [1989]; People v Boulware, 29 NY2d 135 [1971], cert denied 405 US 995 [1972]), as was its denial of a mistrial motion made on grounds relating to the voir dire. The prosecutor's hypotheticals explored whether prospective jurors would be able to draw inferences from defendant's behavior and the surrounding circumstances to determine his intent, and these hypotheticals were not unduly prejudicial. Furthermore, the record does not support defendant's claim that the prosecutor misstated the law. On the contrary, defense counsel did make misleading statements about the law, causing the court to take appropriate actions that were not prejudicial (see People v Garrett, 231 AD2d 428 [1st Dept 1996], lv denied 89 NY2d 864 [1996]; People v Cummings, 162 AD2d 142, 144 [1st Dept 1990], lv denied 76 NY2d 985 [1990]).
Defendant's challenges to the prosecutor's opening statement and summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, [*2]we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 16, 2018
CLERK