People v Darby (2021 NY Slip Op 04491)





People v Darby


2021 NY Slip Op 04491


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-10091
 (Ind. No. 1018/17)

[*1]The People of the State of New York, respondent,
v
Alphanso A. Darby, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Hannah X. Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered August 2, 2018, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the People to elicit evidence of his prior bad acts (see People v Molineux, 168 NY 264). The evidence provided relevant background information to explain the complainant's delayed disclosure and placed the events in question in an understandable context, and the probative value of the evidence was not outweighed by its prejudicial effect (see People v Nicholson, 26 NY3d 813, 829-830; People v Tebout, 179 AD3d 1099, 1101).
There is no merit to the defendant's contention that certain of the Supreme Court's evidentiary rulings violated his constitutional right to present a defense. The United States Constitution guarantees a criminal defendant a meaningful opportunity to present a complete defense (see Chambers v Mississippi, 410 US 284, 294; Washington v Texas, 388 US 14, 19; People v Powell, 27 NY3d 523, 529-530; People v Bradley, 99 AD3d 934, 936). However, "the right to present a defense does not give criminal defendants carte blanche to circumvent the rules of evidence" (People v Hayes, 17 NY3d 46, 53 [internal quotation marks omitted]; see People v Bittrolff, 165 AD3d 690, 692). "The trial court has broad discretion in limiting cross-examination when questions are repetitive, irrelevant, only marginally relevant, or concern collateral issues" (People v Elmore, 175 AD3d 1423, 1423 [internal quotation marks omitted]; see Delaware v Van Arsdall, 475 US 673, 679).
Here, many of the sustained objections of which the defendant complains properly precluded his trial counsel from pursuing questions which had been asked and answered (see People v Bittrolff, 165 AD3d at 691), or which called for impermissible hearsay (see People v Banks, 49 AD3d 401, 402). While the defendant is correct that the witnesses' potential bias against him was not a collateral issue (see People v Chin, 67 NY2d 22, 28; People v Elmore, 175 AD3d at 1423), he was given ample opportunity to question the complainant and the defendant's former girlfriend on the topic of their potential bias against him, and to establish his theory of defense through these and other questions, many of which were permitted over the People's objections (see People v Bittrolff, [*2]165 AD3d at 692; People v Borukhova, 89 AD3d 194, 222). While the Supreme Court should not have gratuitously remarked, in ruling on certain of the People's objections, that defense counsel's questions would be permitted "[f]or what it's worth," any prejudice to the defendant that may have stemmed from these remarks was minimized by the court's subsequent charge to the jury that its rulings on motions and objections during the trial were based upon the law and did not reflect any opinion on the evidence (see People v Martin, 33 AD3d 1024, 1025).
The defendant's contention that the complainant's disclosures of the alleged sexual abuse were not sufficiently close in time to the charged conduct to fall within the scope of the prompt outcry exception to the hearsay rule (see People v McDaniel, 81 NY2d 10, 16-17) is unpreserved for appellate review, since the defendant failed to object to the testimony in question on that ground (see CPL 470.05[2]; People v Stalter, 77 AD3d 776, 776-777), and we decline to reach that issue in the exercise of our interest of justice jurisdiction. Inasmuch as the defendant preserved for appellate review his contention that the Supreme Court should not have allowed two witnesses, as opposed to only one, to testify about the complainant's disclosures of sexual abuse, this contention is without merit (see e.g. People v Tucker, 117 AD3d 1090).
The defendant's contention that he was deprived of a fair trial by the Supreme Court's failure to provide a particular instruction to the jury is unpreserved for appellate review, since he did not request the instruction or object to the court's jury charge (see CPL 470.05[2], and we decline to reach that issue in the exercise of our interest of justice jurisdiction. Contrary to the defendant's contention, trial counsel was not ineffective for failing to request the instruction in question (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court