■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RILEY, Appellant.—

We find that the defendant was not deprived of his right to counsel at the lineup. After a police officer informed the defense counsel that the lineup would be delayed for a few hours so that suitable fillers could be obtained, the defense counsel left the precinct. When the officer called counsel to tell him that he was ready to proceed, counsel told him that he could not come to the precinct and asked the officer not to conduct the lineup. The officer proceeded with the lineup at which the defendant was identified as a participant in the crimes.

Although the State has no obligation to supply counsel at investigatory lineups, if a suspect already has counsel, his attorney may not be excluded from the lineup proceedings *(People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Blake,* 35 NY2d 331). However, "[i]n view of the limited benefits which counsel provides at this stage, the police need not suspend the lineup in anticipation of the arrival of counsel if this would cause unreasonable delay" *(People v Hawkins, supra,* at 487). The police in the instant

case did not have to delay the proceedings to accommodate the defense counsel who had been informed of the approximate time when the lineup would be conducted.

We further find that the totality of the circumstances surrounding the lineup indicates that the lineup procedure resulting in the identification of the defendant was not unduly suggestive *(People v Diaz,* 138 AD2d 728; *People v Wiley,* 137 AD2d 735). Any disparity between the appearances of the members of the lineup as a result of their beards was reduced by having the participants hold cards underneath their chins.

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Bellamy,* 158 AD2d 525 [decided herewith]; *People v Bellamy,* 158 AD2d 526 [decided herewith]).* Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.