OPINION OF THE COURT
 

 Levine, J.
 

 On July 15, 1985, during the course of a robbery of a food concession stand at Rockaway Playland, Queens, Regina Carter, an employee, was killed by a single shot from a 12-gouge shotgun. Some six months later, defendant was arrested for the murder/robbery. The arrest was based upon the written statements of four police informants, friends or acquaintances of defendant, regarding conversations in which he made oral admissions to having killed Carter. The informants were Michael Washington, Sammy Youmans, Sheila McKinney and
 
 *211
 
 Tanya Alston. Washington and Youmans were in custody in the same police lockup cell, on unrelated robbery charges, at the time they gave their statements. McKinney had open juvenile cases then pending for robbery and assault.
 

 Of the four informants, only Washington and McKinney testified at defendant’s trial and, undisputedly, their testimony was the principal evidence of defendant’s guilt. Defendant was found guilty of three counts of second degree murder, two counts of robbery in the first degree and two counts of burglary in the second degree. Some three years and two months after the imposition of judgment and sentence upon defendant, he brought the instant application, pursuant to CPL 440.10 to vacate his conviction on three grounds, only two of which are at issue here: (1) newly discovered evidence (see, CPL 440.10 [1] [g]); and (2) the prosecution’s failure to disclose exculpatory evidence in violation of defendant’s State and Federal constitutional rights to due process (see, CPL 440.10 [1] [h]).
 

 The newly discovered evidence primarily consisted of the sworn statements of Washington and McKinney recanting their testimony at defendant’s trial. McKinney’s recantation comprised a single sentence in which she denied ever hearing defendant say he killed Regina Carter. However, she stood by her testimony of having seen defendant with a shotgun several months after the murder. Washington also denied that defendant confessed the murder to him and averred that his testimony at defendant’s trial had been false. He explained that he gave the statement and testimony against defendant because he was under charges and "believed that it was in my best interest to cooperate with the District Attorney’s office”.
 

 In support of defendant’s alternative ground for vacating the conviction, based upon the failure of the People to disclose exculpatory evidence as a denial of due process under
 
 Brady v Maryland
 
 (373 US 83), defendant submitted the affidavit of the informant Sammy Youmans, who was not called as a prosecution witness at the trial. In his affidavit, Youmans stated that he and Washington were induced to falsely accuse defendant of the Carter murder/robbery by a police promise of leniency on their then pending charges. He further averred that he had been scheduled to testify as a People’s witness at defendant’s trial, but that before being called he told the prosecutor that he had been forced by the police to make a false statement implicating defendant. Finally, Youmans
 
 *212
 
 swore that "[defendant] never told me or to my knowledge, Michael Washington, that he killed Regina Carter”.
 

 The principal affidavit in opposition to defendant’s motion was by the Assistant District Attorney appearing on defendant’s motion, not the trial assistant who prosecuted defendant. The affidavit was based upon information and belief, the source of which was a review of the District Attorney’s file on the case and a discussion with the trial prosecutor. In that discussion, the trial prosecutor confirmed only that Youmans had recanted his statement before the trial began, and explained that the recantation, which he believed was perjurious, was the reason he chose not to call Youmans as a witness.
 

 Supreme Court denied defendant’s CPL 440.10 application without a hearing. The Appellate Division affirmed the judgment of conviction and sentence, and the denial of defendant’s 440.10 motion (194 AD2d 681). That Court held that it was within the discretion of Supreme Court to deny defendant’s motion, insofar as it was based upon newly discovered evidence consisting almost completely of the mere recantations by the People’s witnesses. The Appellate Division also found no
 
 Brady
 
 violation. The appeal is now before us pursuant to leave granted by a Judge of this Court and we now modify and remit for a hearing on the
 
 Brady
 
 issue on defendant’s 440.10 motion.
 

 As to defendant’s appeal from the denial of that portion of his motion to vacate the judgment of conviction on the basis of newly discovered evidence, we note that the Washington and McKinney recantations do not aver that their prior statements or testimony against defendant were the products of police or prosecutorial misconduct. Thus, that portion of defendant’s motion does not fall within any exception to the general rule that the power to vacate a criminal conviction and grant a new trial for newly discovered evidence rests within the unlimited discretion of the lower courts and is, thus, beyond review by this Court
 
 (see, People v Brown, 56
 
 NY2d 242, 246;
 
 People v Crimmins,
 
 38 NY2d 407, 415;
 
 see also, People v Smith,
 
 63 NY2d 41, 66, n 4,
 
 cert denied
 
 469 US 1227).
 

 Contrariwise, insofar as defendant seeks postjudgment relief under CPL 440.10 (1) (h), alleging that his conviction was procured in violation of his due process right to pretrial disclosure of
 
 Brady
 
 material, such a due process claim was subject to postjudgment judicial review via a writ of error
 
 *213
 
 coram nobis before the enactment of CPL article 440
 
 (see, People v Silverman,
 
 3 NY2d 200) and, therefore, is reviewable by this Court to determine whether the denial of this portion of defendant’s motion without a hearing constituted an abuse of discretion as a matter of law
 
 (see, People v Crimmins,
 
 38 NY2d, at 418-419,
 
 supra).
 
 We conclude that it was, and that the order of the Appellate Division should be modified by remitting the case to Supreme Court for a hearing to resolve questions of fact under CPL 440.30 (5).
 

 As previously described, the Youmans affidavit can be read as averring that, just before he was slated to testify against defendant at the trial, he informed the prosecutor that both he and Washington had been induced to falsely accuse defendant of the murder of Carter at the Rockaway Playland and that he further informed the prosecutor that defendant never told him "or to my knowledge, Michael Washington” that he had killed Carter.
 

 Youmans’ own recantation of his pretrial statements to the prosecutor before the trial cannot in and of itself be deemed
 
 Brady
 
 material because he was never called as a witness to testify at defendant’s trial (or indeed at the pretrial hearings). Defendant has not demonstrated on these facts that this nontestifying person’s denial that defendant ever confessed to him would have been exculpatory, i.e., favorable to the defense, material either to guilt or punishment, or affecting the credibility of prosecution witnesses
 
 (see, People v Novoa,
 
 70 NY2d 490, 496). However, to the extent that he also averred that he informed the prosecutor that Washington, undoubtedly a Crucial prosecution witness, was induced to make a false statement and would give false testimony regarding defendant’s admissions to the killing, the affidavit, if truthful in claiming that that communication with the prosecutor occurred, established the existence of
 
 Brady
 
 material which the prosecutor was obligated to disclose. A prosecutor’s duty of disclosing exculpatory material extends to disclosure of evidence impeaching the credibility of a prosecution witness whose testimony may be determinative of guilt or innocence
 
 (People v Fein,
 
 18 NY2d 162,
 
 cert denied
 
 385 US 649;
 
 see, Giglio v United States,
 
 405 US 150, 154;
 
 see, People v Stead-man,
 
 82 NY2d 1, 7). Clearly, Washington was such a witness at defendant’s trial, and nondisclosure cannot be excused merely because the trial prosecutor genuinely disbelieved Youmans’ recantation. The "good faith” of a prosecutor is not
 
 *214
 
 a valid excuse for nondisclosure
 
 (Giglio v United States, supra).
 

 Youmans’ averments impeaching Washington’s trial testimony were surely
 
 not
 
 insufficient as a matter of law to establish a
 
 Brady
 
 violation
 
 (see,
 
 CPL 440.30 [4] [a], [b];
 
 cf., People v Brown,
 
 56 NY2d 242, 246-247,
 
 supra).
 
 Moreover, his allegations were neither "conclusively refuted by unquestionable documentary proof’ (CPL 440.30 [4] [c]), nor "contradicted by a court record or other official document, or * * * made solely by the defendant and * * * unsupported by any other affidavit or evidence” (CPL 440.30 [4] [d] [i]); nor were there other circumstances here establishing that "there is no reasonable possibility that [Youmans’] allegation^] [are] true” (CPL 440.30 [4] [d] [ii]). Accordingly, Supreme Court was not statutorily authorized to deny defendant’s motion without a hearing.
 

 Conversely, the People’s papers in opposition clearly did not concede the truth of Youmans’ averments that he had given evidence to the prosecutor before trial that would have impeached Washington’s testimony, and his averments are not "conclusively substantiated by unquestionable documentary proof’ (CPL 440.30 [3] [c]). Thus, Supreme Court was not compelled to grant defendant’s motion to vacate the judgment of conviction without a hearing, and indeed a hearing should have been directed (CPL 440.30 [5]).
 

 Consequently, the order of the Appellate Division should be modified by remitting the case to Supreme Court for an evidentiary hearing on defendant’s CPL 440.10 motion. At such a hearing the court must determine first, whether, in fact, Youmans communicated
 
 Brady
 
 material which was not disclosed to the defense. If so, there having been only a general request for
 
 Brady
 
 material, the hearing court must determine in the first instance whether, in the context of the entire trial, the omitted evidence creates a reasonable doubt that did not otherwise exist
 
 (see, United States v Agurs,
 
 427 US 97, 112-113;
 
 People v Chin,
 
 67 NY2d 22, 33;
 
 People v Smith,
 
 63 NY2d 41, 67,
 
 supra; see also, United States v Bagley,
 
 473 US 667, 682;
 
 cf., People v Vilardi,
 
 76 NY2d 67). If so, the judgment of conviction must be vacated and a new trial ordered. If not, the motion to vacate should be denied.
 

 Accordingly, the order of the Appellate Division should be modified by remitting the case to Supreme Court for further
 
 *215
 
 proceedings in accordance with this opinion and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order modified and case remitted to Supreme Court, etc.