■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v APOLINAR CEPEDA, Appellant. [616 NYS2d 737] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered January 8, 1993, convicting defendant, after jury trial, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 5 to 15 years and 3 to 9 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). The jury's determinations of fact and credibility are supported by the record and will not be disturbed by this Court *(People v Siu Wah Tse,* 91 AD2d 350, 352, *lv denied* 59 NY2d 679).

The right to present a defense "does not give criminal defendants carte blanche to circumvent the rules of evidence" *(United States v Almonte,* 956 F2d 27, 30). Thus, having properly ruled that the grand jury testimony and a statement made to the prosecutor by an unproduced witness constituted

inadmissible hearsay that defendant had adequate notice of the statements and that admission would deprive the prosecution of the right to cross-examine thereon, the trial court appropriately exercised its discretion in permitting good-faith cross examination of the People's witnesses regarding the exculpatory content of the unproduced witness' prior statements *(see, People v Sorge,* 301 NY 198, 201-202).

Defendant failed to preserve his current claims of error in connection with the prosecutor's summation comments (CPL 470.05). Were we to review in the interest of justice, we would find no basis to modify the judgment. Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.