■ The People of the State of New York, Respondent, v William Schwartz, Also Known as William Schwarz, Appellant. [659 NYS2d 51] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 29, 1994, convicting him of burglary in the second degree (three counts), grand larceny in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

During a pretrial hearing the prosecutor acknowledged that he had given several witnesses "a deal to come in and testify * * * The deal is that we will decline prosecution" for criminal possession of stolen property, although the witnesses's testimony would indicate that they were guilty of that crime. Thereafter, at trial, the prosecutor asked each of those witnesses whether any promises had been made in exchange for their testimony, and each witness denied that he or she had received any promises.

It is well settled that the prosecutor is obligated to correct misstatements of a witness regarding the consideration given for the witness's testimony (see, People v Steadman, 82 NY2d 1; People v Savvides, 1 NY2d 554). If such misstatements are not corrected and are in any way relevant to the case, a verdict of guilt will not be permitted to stand (see, People v Savvides, supra, at 557). In this case, the prosecutor did not correct the misstatements. Rather, he exacerbated them when he argued in summation that: "[t]here is no reason that you need not believe their testimony. Ask yourself what any of them stood to gain by coming to this courtroom and testifying."

Accordingly, a new trial is ordered.

The defendant's remaining contention need not be addressed in light of our determination. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.