The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review, based on matter dehors the record, or without merit. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL RAIFE, Appellant. [674 NYS2d 377] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered May 16, 1995, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of manslaughter for his role in the stabbing death of the victim. On appeal, the defendant contends that the People failed to prove his guilt beyond a reasonable doubt. He makes this contention arguing that the testimony of the two eyewitnesses to the stabbing was incredible as a matter of law. However, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, who saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination

should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Furthermore, the trial court did not err by refusing to admit the codefendant's statement into evidence as a declaration against penal interest. Declarations against penal interest are recognized as an exception to the hearsay rule because "the self-inculpating nature of the declaration serves as an adequate substitute for the assurance of reliability usually derived from the administration of an oath and the testing of the statements by cross-examination" (*People v Brensic,* 70 NY2d 9, 14). Since the traditional guarantees of reliability are absent when hearsay declarations against penal interest are offered, "such evidence is admitted cautiously and only after reliability is firmly established" (*People v Brensic, supra,* at 14). In order to satisfy the court that the statement offered qualifies for admission into evidence as a declaration against penal interest, the proponent must show, *inter alia,* that the declarant was aware that the statement was contrary to his penal interest at the time it was made (*see, People v Morgan,* 76 NY2d 493, 498; *People v Settles,* 46 NY2d 154, 167). A statement which is largely exculpatory and made under circumstances which suggest that it is intended to minimize the declarant's criminal involvement is not " ' "clearly opposed to the declarant's interest" ' " (*People v Sibadan,* 240 AD2d 30, 38, quoting *People v Ferguson,* 154 AD2d 706, 707, *cert denied* 498 US 947), and does not qualify for admission.

Here, the codefendant's statement sought to minimize his guilt and bolster his claim that he stabbed the victim in self-defense during the course of a fight. Moreover, the statement was made to the court under circumstances which suggest that the codefendant was attempting to absolve himself of criminal responsibility for the offense, and that he was not in fact aware that his version of the incident was contrary to his penal interest. Accordingly, the court properly concluded that the statement lacked the requisite degree of reliability and trustworthiness necessary for admission.

In addition, the court did not improvidently exercise its discretion in denying the defendant's renewed motion for severance, which was predicated upon a comment made by the codefendant's attorney during opening statements. The comment by the codefendant's attorney did not render the core of each defendant's defense "in irreconcilable conflict with the

other" (*People v Mahboubian,* 74 NY2d 174, 184), and both defense attorneys ultimately employed a similar trial strategy which focused on attacking the credibility of the prosecution's eyewitnesses (*see, People v Hamilton,* 174 AD2d 633; *People v Allway,* 172 AD2d 617).

Finally, the sentence imposed was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.