■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE CARTER, Appellant. [714 NYS2d 459] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered May 8, 1996, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and robbery in the second degree, and sentencing him to three concurrent terms of 2½ to 7½ years, and order, same court and Justice, entered on or about August 17, 1999, which denied defendant's motion to vacate the judgment, unanimously affirmed.

Defendant failed to meet his burden of establishing that an accomplice's statement was admissible as a declaration against penal interest (*see, People v Settles*, 46 NY2d 154, 167). The court correctly concluded that the portion of the statement exculpating defendant, by way of inculpating others, was not against the accomplice's penal interest because it was an "attempt[ ] to significantly minimize his role and to exculpate himself", and that the statement was unreliable.

Defendant was not deprived of a fair trial by the challenged portions of the People's summation. These remarks were permissible responses to defense counsel's attacks on the credibility of the People's witness (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). To the extent that the prosecutor's summation may have exceeded the limits of permissible comment, it was harmless in view of the overwhelming evidence of defendant's guilt (*see, People v Crimmins*, 36 NY2d 230).

Defendant's motion to vacate the judgment on the ground of ineffective assistance of counsel was properly denied. Defendant has not established that his trial counsel's failure to move to suppress identification testimony on the ground that it was the product of an unlawful arrest " 'prejudice[d] the defense or defendant's right to a fair trial' " (*People v Benevento*, 91 NY2d 708, 714, quoting *People v Hobot*, 84 NY2d 1021, 1024). The record establishes that such a motion would not have been successful. Defendant's arrest was based on probable cause in that he met a very specific description featuring a distinctive facial

birthmark. Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.