■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RIVERA, Appellant. [742 NYS2d 563] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered April 10, 2000, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Spires, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly determined that the defendant's right to counsel was not violated during the lineup proceeding. The police did not have to delay the proceeding to further accommodate the defense counsel after he had been informed of the approximate time when the lineup would be conducted (*see People v Riley,* 158 AD2d 559). Under the circumstances, the defendant was not denied the right to counsel when the police proceeded in his attorney's absence (*see People v Pena,* 242 AD2d 546, 547; *cf. People v Coates,* 74 NY2d 244, 248-249). Feuerstein, J.P., Krausman, Luciano and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONG FENG LU, Appellant. [742 NYS2d 863] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 12, 2000 (*People v Tong Feng Lu,* 273 AD2d 327), affirming a judgment of the Supreme Court, Kings County, rendered April 28, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J.P., Krausman, Friedmann and H. Miller, JJ., concur.