THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE JONES, Appellant. [818 NYS2d 285]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 19, 2002, convicting him of murder in the second degree, assault in the first degree, and intimidating a witness in the third degree, upon a jury verdict, and imposing sentence, (2) by permission,

from an order of the same court dated September 10, 2003, which denied his pro se motion pursuant to CPL 440.10 to vacate the judgment, and (3) by permission, from an order of the same court dated June 14, 2005, which denied his motion pursuant to CPL 440.10 to vacate the judgment. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is reversed, on the law, and a new trial before a different justice is ordered; and it is further,

Ordered that the appeals from the orders are dismissed as academic in light of the determination of the appeal from the judgment.

The hearing court properly determined that the defendant's right to counsel was not violated during a lineup proceeding. The hearing court properly refused to suppress the identification testimony, as the police officers who conducted the lineup waited at least an hour for the defense counsel to appear, and when he did not do so, proceeded with the lineup. Under these circumstances, the defendant was not denied the right to counsel when the police proceeded in the absence of the defense counsel (*see People v Rivera,* 294 AD2d 519 [2002]; *People v Irick,* 243 AD2d 652 [1997]; *People v Riley,* 158 AD2d 559 [1990]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, a new trial is required because the prosecutor failed to correct false trial testimony by one of the People's witnesses. A prosecutor is under a duty to correct false testimony given by prosecution witnesses (*see People v Steadman,* 82 NY2d 1 [1993]). Here, a prosecution witness falsely testified that she had identified the defendant's nephew in a lineup as one of two people who shot at a group which included the victim, and the prosecutor failed to correct that testimony. As the People correctly concede, the error cannot be said to be harmless (*see People v Steadman, supra; Napue v Illinois,* 360 US 264, 269-270 [1959]; *People v Baxley,* 84 NY2d 208, 213-214 [1994]; *People v Pelchat,* 62 NY2d 97, 99, 107 [1984]; *see also People v Schwartz,* 240 AD2d 600 [1997]).

Although not dispositive of the appeal from the judgment, we note that, in his summation, the prosecutor vouched for the credibility of an eyewitness, stating, inter alia, that she was "not making [testimony up] out of the blue," and the jury could take her testimony "to the bank." The prosecutor's vouching

for the eyewitness went beyond the permissible bounds of broad rhetorical comment and should not be repeated at the new trial (*see People v Walters*, 251 AD2d 433 [1998]; *People v Langford*, 153 AD2d 908 [1989]).

In light of our determination, we do not reach the defendant's remaining contentions. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.