■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEJPAL SINGH, Appellant. [849 NYS2d 606]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered December 14, 2004, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In order for a declaration against penal interest to be admissible at trial, the proponent must establish that (1) the declarant was unavailable as a witness at trial; (2) the declarant was aware that the statement was adverse to his or her penal interest when made; (3) the declarant had competent knowledge of the facts underlying the statement; and (4) "most important, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability" (*People v Settles,* 46 NY2d 154, 167 [1978]; *see People v Linyear,* 25 AD3d 811 [2006]).

Here, the Supreme Court properly precluded the out-of-court statements of four witnesses, finding that the statements did not qualify for admission as declarations against penal interest because the defendant failed to meet his burden of proving that the declarants knew that their statements were, in fact, against their penal interests (*see People v Carter,* 276 AD2d 347 [2000]; *People v Raife,* 250 AD2d 864 [1998]). The statements, which were largely exculpatory and made under circumstances which suggest that they were intended to minimize each declarant's criminal involvement, were not clearly opposed to each declarant's penal interest (*see People v Martin,* 8 AD3d 883 [2004]; *People v Raife,* 250 AD2d 864 [1998]).

The defendant's contention that the prosecutor abused her discretion by denying immunity to a defense witness is without merit (*see* CPL 50.30; *People v Chin,* 67 NY2d 22, 32 [1986]; *People v Williams,* 169 AD2d 798 [1991]). Santucci, J.P., Lifson, Covello and Dickerson, JJ., concur.