**61** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD BOURNES, Appellant. [874 NYS2d 556]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 20, 2006, convicting him of rape in the first degree and rape in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of rape in the first degree and the sentence imposed thereon; as so modified, the judgment is affirmed, and a new trial is ordered on count one of the indictment charging rape in the first degree.

Following a pretrial hearing, the Supreme Court denied the defendant's motion to suppress statements he had made to the police. While the prosecution did not use the defendant's statements on its case in chief, a police detective testified during redirect examination that the defendant had admitted that he "forcibly raped and sodomized the victim." Although the defendant had never confessed to the commission of a forcible offense, the trial prosecutor failed to correct the inaccurate testimony, a failure which the prosecution now properly

concedes was error (*see People v Steadman,* 82 NY2d 1, 7-8 [1993]; *People v Jones,* 31 AD3d 666, 667 [2006]; *People v Schwartz,* 240 AD2d 600 [1997]). The failure to correct false or mistaken material testimony of a prosecution witness violates the defendant's constitutional right to due process and requires reversal and remittitur for a new trial unless the error can be deemed harmless (*see People v Steadman,* 82 NY2d at 8-9; *People v Jones,* 31 AD3d at 667). As the prosecution further correctly concedes, the error cannot be deemed harmless with regard to the defendant's conviction of rape in the first degree in this case, and that conviction must be vacated. However, the error in failing to correct the improper testimony was harmless beyond a reasonable doubt with regard to the defendant's conviction of rape in the second degree. The evidence of the defendant's guilt of that offense, without reference to the improper testimony, was overwhelming, and there was no reasonable possibility that the error might have contributed to his conviction (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Rush,* 44 AD3d 799, 800 [2007]).

Upon vacating the conviction of rape in the first degree, the appropriate remedy is a new trial on that count of the indictment. Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), and disregarding the improper testimony, we find that the evidence was legally sufficient to establish the defendant's guilt of that offense beyond a reasonable doubt (*see People v Shelton,* 307 AD3d 370 [2003], *affd* 1 NY3d 614 [2004]; *People v Sehn,* 295 AD2d 749 [2002]; *People v Ayala,* 236 AD2d 802, 803 [1997]; *People v Perkins,* 189 AD2d 830 [1993]). We note in this regard that the People concede that the defendant's statements to law enforcement officials should not be introduced at the new trial for any purpose, including impeachment.

In view of the foregoing, the defendant's remaining contentions have been rendered academic. Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.