■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK SIMMONS, Appellant. [917 NYS2d 218]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered November 19, 2008, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In order for a statement to be admissible under the exception to the hearsay rule for declarations against penal interest, a four-part test must be satisfied: (1) the declarant must be unavailable to testify at the defendant's trial, (2) the declarant must have competent knowledge of the facts, (3) the declarant must have known at the time the statement was made that it was against his or her penal interest, and (4) there must be independent supporting proof indicating that the statement is trustworthy and reliable (*see People v Ennis*, 11 NY3d 403, 412-413, [2008] *cert denied* 556 US —, 129 S Ct 2383 [2009]; *People v Brensic*, 70 NY2d 9, 15 [1987]; *People v Settles*, 46 NY2d 154, 167 [1978]; *People v Toussaint*, 74 AD3d 846 [2010]; *People v Singh*, 47 AD3d 733, 734 [2008], *cert denied* 555 US —, 129 S

Ct 570 [2008]). Here, the Supreme Court properly declined to admit into evidence a statement offered by the defendant because the statement, made by a nontestifying witness, that the witness "did what he had to do," was too ambiguous to be against penal interest or to be judged either trustworthy or reliable. Since the statement was properly excluded as inadmissible hearsay, the defendant's contention that his constitutional right to present a defense was violated is without merit (*see People v Cepeda*, 208 AD2d 364 [1994]).

Contrary to the defendant's contention, the Supreme Court properly denied his *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]), as he failed to establish a prima facie case of discrimination. A disproportionate number of challenges to prospective jurors who are members of a particular racial group or gender, without more, is rarely dispositive on the issue of an impermissible discriminatory motive (*see People v Brown*, 97 NY2d 500, 507 [2002]; *People v Childress*, 81 NY2d 263, 267 [1993]). "In the absence of a record demonstrating other circumstances supporting a prima facie showing, the Supreme Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination" (*People v Scott*, 70 AD3d 977, 977 [2010]; *see People v Robert G.*, 241 AD2d 499, 500 [1997]).

Although the prosecutor failed to correct inaccurate trial testimony of one of the People's witnesses (*see Napue v Illinois*, 360 US 264, 269-270 [1959]; *People v Baxley*, 84 NY2d 208, 213-214 [1994]; *People v Pelchat*, 62 NY2d 97, 99, 107 [1984]), the error was harmless (*see People v Steadman*, 82 NY2d 1, 8-9 [1993]; *People v Jones*, 31 AD3d 666, 667 [2006]), as there was overwhelming evidence of the defendant's guilt, and no significant probability that the defendant would have been acquitted if the prosecutor had corrected the inaccurate testimony (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Rivera*, 192 AD2d 561, 562 [1993]; *People v Gerbino*, 132 AD2d 566 [1987]).

The defendant's remaining contention is without merit. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.