■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK SIMMONS, Appellant. [924 NYS2d 273]—

Motion by the appellant for leave to reargue an appeal from a

judgment of the Supreme Court, Queens County (Lewis, J.), rendered November 19, 2008, which was determined by a decision and order of this Court dated February 1, 2011.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated February 1, 2011 (*People v Simmons*, 81 AD3d 668 [2011]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis J.), rendered November 19, 2008, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In order for a statement to be admissible under the exception to the hearsay rule for declarations against penal interest, a four-part test must be satisfied: (1) the declarant must be unavailable to testify at the defendant's trial, (2) the declarant must have competent knowledge of the facts, (3) the declarant must have known at the time the statement was made that it was against his or her penal interest, and (4) there must be independent supporting proof indicating that the statement is trustworthy and reliable (*see People v Ennis*, 11 NY3d 403, 412-413 [2008], *cert denied* 556 US —, 129 S Ct 2383 [2009]; *People v Brensic*, 70 NY2d 9, 15 [1987]; *People v Settles*, 46 NY2d 154, 167 [1978]; *People v Toussaint*, 74 AD3d 846 [2010]; *People v Singh*, 47 AD3d 733, 734 [2008], *cert denied* 555 US —, 129 S Ct 570 [2008]). Here, the Supreme Court properly declined to admit a statement offered by the defendant because the statement, made by a nontestifying witness, that the witness "did what he had to do," was too ambiguous to be against penal interest or to be judged either trustworthy or reliable. Since the statement was properly excluded as inadmissible hearsay, the defendant's contention that his constitutional right to present a defense was violated is without merit (*see People v Cepeda*, 208 AD2d 364 [1994]).

Contrary to the defendant's contention, the Supreme Court properly denied his *Batson* claim (*see Batson v Kentucky*, 476 US 79 [1986]), as he failed to establish a prima facie case of discrimination. A disproportionate number of challenges to prospective jurors who are members of a particular racial group or gender, without more, is rarely dispositive on the issue of an impermissible discriminatory motive (*see People v Brown*, 97

NY2d 500, 507 [2002]; *People v Childress*, 81 NY2d 263, 267 [1993]). "In the absence of a record demonstrating other circumstances supporting a prima facie showing, the Supreme Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination" (*People v Scott*, 70 AD3d 977, 977 [2010]; *see People v Robert G.*, 241 AD2d 499, 500 [1997]).

Although it appears that the prosecutor failed to correct inaccurate trial testimony of one of the People's witnesses (*see Napue v Illinois*, 360 US 264, 269-270 [1959]; *People v Baxley*, 84 NY2d 208, 213-214 [1994]; *People v Pelchat*, 62 NY2d 97, 99, 107 [1984]), the error was harmless (*see People v Steadman*, 82 NY2d 1, 8-9 [1993]; *People v Jones*, 31 AD3d 666, 667 [2006]). "The evidence of the defendant's guilt . . . without reference to the improper testimony, was overwhelming, and there [is] no reasonable possibility that the error might have contributed to his conviction" (*People v Bournes*, 60 AD3d 687, 688 [2009]; *see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Rush*, 44 AD3d 799, 800 [2007]).

The defendant's remaining contentions are without merit. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.