■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v XING CHEN, Appellant. [985 NYS2d 158]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered December 9, 2011, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's application to reopen the suppression hearing based on the testimony adduced at the trial. The defendant failed to show that additional pertinent facts had been discovered which would have affected the hearing court's determination (*see* CPL 710.40 [4]; *People v Clark*, 88 NY2d 552, 555 [1996]; *People v Miller*, 57 AD3d 568 [2008]; *see also Miranda v Arizona*, 384 US 436, 475 [1966]). The trial testimony of the police officer who translated the *Miranda* warnings to the defendant had only minor inconsistencies with his hearing testimony, and the defendant failed to raise more than an issue of credibility (*see People v Rosa*, 231 AD2d 534, 536 [1996]; *cf. People v Velez*, 39 AD3d 38, 43 [2007]).

The Supreme Court providently exercised its discretion in denying the defendant's motion to admit his alleged accomplice's statement as a declaration against penal interest (*see People v Shabazz*, 22 NY3d 896, 898 [2013]; *People v Settles*, 46 NY2d 154, 167-170 [1978]). The statement was "largely exculpatory and made under circumstances which suggest that [it was] intended to minimize [the] declarant's criminal involvement" (*People v Singh*, 47 AD3d 733, 734 [2008]; *see People v Toussaint*, 74 AD3d 846 [2010]; *People v Carter*, 276 AD2d 347 [2000]). Since the statement was properly excluded as inadmissible hearsay, the defendant's contention that his constitutional right to present a defense was violated is without merit (*see People v Simmons*, 84 AD3d 1120 [2011]; *People v Cepeda*, 208 AD2d 364 [1994]).

The Supreme Court properly charged the jury on accessorial liability and transferred intent (*see People v Slacks*, 90 NY2d 850 [1997]; *People v Fernandez*, 88 NY2d 777 [1996]; *People v Powell*, 304 AD2d 410 [2003]; Penal Law § 20.00).

The prosecutor's comments during summation were fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Sanabria*, 110 AD3d 1010 [2013]). Eng, P.J., Miller, Hinds-Radix and Maltese, JJ., concur.