■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLY ULERIO, Appellant. [27 NYS3d 558]—

Appeal from judgment, Supreme Court, New York County (Robert H. Straus, J.H.O. at suppression hearing; Gregory Carro, J., at suppression decision; Daniel P. FitzGerald, J., at jury trial, motion to set aside verdict and sentencing), rendered November 9, 2012, convicting defendant of criminal possession of a weapon in the second degree and criminal possession of marijuana in the fourth degree, and sentencing him to an aggregate term of five years, held in abeyance, and the matter remanded for a hearing on defendant's CPL 330.30 motion.

Between the verdict and sentencing, the People disclosed that a sergeant and officer involved in defendant's arrest had been indicted for perjury and other offenses arising out of separate cases with fact patterns similar to defendant's case. Defendant moved to set aside the verdict pursuant to CPL 330.30 (3) based on this disclosure. The motion court, without ordering a hearing, found it was not until two weeks after the verdict was rendered that the claims against the sergeant were substantiated and the whole District Attorney's office was put on notice of the significance of the investigation. With regard to the officer, the court found the information was not substantiated until four months after the verdict.

Defendant argues that the court erred in denying his CPL 330.30 motion seeking a new suppression hearing and trial, that the information pertaining to the sergeant and officer constituted newly discovered evidence, and also that the prosecution's failure to disclose this evidence was a *Brady* violation. Without a hearing, we cannot determine what the assigned prosecutor and the District Attorney's office knew about the veracity of the perjury complaint prior to the conclusion of defendant's trial (*see generally People v Wright*, 86 NY2d 591 [1995]). Defendant's car stop and the stops investigated by the District Attorney's office occurred during the same time period, in the same part of Manhattan, and allegedly under similar circumstances. Although the trial court found that, at the time of defendant's trial, the People were not aware of the investigation into either of the officers, we cannot discern on the existing record the basis for the court's factual finding. However, in another place in the decision, the motion court notes that in December 2008, long before the trial was held, an Assistant District Attorney in the Official Corruption Unit was assigned to investigate the claim against the sergeant. At a hearing, defendant can explore what information, if any, was shared between the corruption unit and the assigned prosecutor before defendant's trial and whether, prior to the date referenced by the motion court, the People had specific information that the sergeant and the officer had engaged in misconduct which they should have disclosed (*see generally People v Baxley*, 84 NY2d 208 [1994]). The hearing also can help clarify whether the District Attorney's investigation of the alleged perjury extended in any way, to the stop of defendant.

Although the People argue that there was no reasonable probability that the outcome would have been different if the information was available, we are not deciding this issue until a hearing is made to further explore the facts. We have considered the People's procedural arguments and find them unavailing.

In light of this determination, we do not reach defendant's remaining contentions at this time. Concur—Renwick, J.P., Andrias, Saxe and Richter, JJ.