■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN GILLIARD, Appellant. [46 NYS3d 646]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered November 28, 2011, convicting him of murder in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in denying the defendant's request to admit into evidence the codefendant's out-of-court statement to a police officer as a declaration against penal interest. The portion of the statement that the defendant sought to admit did not directly inculpate the codefendant (*see People v Geoghegan*, 51 NY2d 45, 49 [1980]; *People v Coleman*, 125 AD3d 879, 880 [2015]). Rather, the statement was made under circumstances which suggest that it was intended to minimize the codefendant's criminal involvement (*see People v Toussaint*, 74 AD3d 846, 846 [2010]; *People v Singh*, 47 AD3d 733, 734 [2008]). Since the statement was properly excluded as inadmissible hearsay, the defendant's contention that his constitutional right to present a defense was violated is without merit (*see People v Xing Chen*, 117 AD3d 762, 763 [2014]).

The defendant's contentions that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt and to support his convictions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense and to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to

view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the rejection of the justification defense and the verdict of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.