People v Goldman (2020 NY Slip Op 08009)





People v Goldman


2020 NY Slip Op 08009


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Friedman, J.P., Kapnick, Singh, Moulton, JJ. 


Ind No. 1114/12 Appeal No. 9039 Case No. 2016-02069 

[*1]The People of the State of New York, Respondent,
v
Reginald Goldman, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J., at search warrant hearing; Martin Marcus, J., at jury trial and sentencing), rendered June 9, 2016, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.
This matter is before us upon remittitur from the Court of Appeals for determination of facts and issues raised but not determined in our previous decision reversing the judgment of conviction, which decision the Court of Appeals has reversed (see 171 AD3d 581 [1st Dept 2019], revd__ NY3d __, 2020 NY Slip Op 05977 [2020]). Apart from the issues addressed by the Court of Appeals in its decision, this Court's prior decision determined that "the verdict was supported by legally sufficient evidence and was not against the weight of the evidence" (171 AD3d at 583).
Accordingly, the issues raised by defendant on his appeal remaining to be determined at this juncture are whether the trial court properly permitted a police witness to testify as an expert, whether the People established probable cause for the DNA search warrant, whether the trial court abused its discretion in determining that the YouTube video's probative value outweighed its potential for prejudice, and whether the sentence imposed was excessive. Those issues are addressed below.
Defendant argues that the court committed reversible error in permitting a police detective to testify, as an expert on gang language, concerning the meaning of a slang expression allegedly uttered by defendant during the incident giving rise to the prosecution. Initially, to the extent defendant argues that the presentation of this testimony deprived him of his constitutional right to a fair trial, defendant failed to preserve any claim of constitutional error with respect to this testimony. Also unpreserved is any claim that the court failed to give adequate limiting instructions concerning this testimony. Defendant's argument is otherwise unavailing, as it is well established that "the meaning of coded communications is a proper subject of expert testimony" (People v Inoa, 25 NY3d 466, 473 [2015]), as are a gang's "customs, hierarchies, and violent practices" (People v Bailey, 148 AD3d 547, 548 [1st Dept 2017], affd 32 NY3d 70 [2018]). Unlike Inoa, in which the admission of the expert testimony was found to be error, the challenged expert testimony in this case was permissible because it did not deal extensively with matters within the jurors' ken, the police witness had not been intimately involved in the investigation of the subject crime, and the record affords no basis for concluding that the element of the testimony to which defendant objects was based on knowledge that the witness had gained from the investigation of this case. In any event, in view of the strength of the overall evidence against defendant, we find that any error in the admission of this testimony was harmless.
Defendant argues that the warrant for [*2]his DNA was not supported by probable cause because the People did not establish either the reliability or the basis of knowledge for the unnamed citizen witness who provided information to the police detective, as required under the Aguilar-Spinelli test. We disagree and find that the People demonstrated that both prongs of the Aguilar-Spinelli test were satisfied. The informant, "known to the New York City Police Department," was properly found entitled to the presumption of reliability (see People v Parris, 83 NY2d 342 [1994]), and both the warrant application and the detective's testimony were based on information received from citizen-informants who had contemporaneously observed the shooting.
Nor did the court abuse its discretion in finding that the probative value of the YouTube music video outweighed any potential for prejudice. The video had undergone substantial redaction in length and content. Moreover, the video had probative value in that it showed that defendant knew the two other individuals who were in the car during the shooting, that defendant was a member of the subject gang, and that the gang operated by going into the territory of rival gangs. Additionally, the trial court appropriately instructed the jury that it could not rely on the video to infer criminal propensity.
Finally, in view of the serious and violent nature of the crime, we perceive no
grounds for reduction of the sentence in the interest of justice.
The Decision and Order of this Court entered herein on November 24, 2020, is hereby recalled and vacated
(see M-3849 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020