People v Williams (2022 NY Slip Op 07463)

People v Williams

2022 NY Slip Op 07463

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2017-08453
 (Ind. No. 6013/15)

[*1]The People of the State of New York, respondent,
v
Ronald Williams, appellant.

Twyla Carter, New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Rachel Raimondi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered July 6, 2017, convicting him of attempted murder in the second degree (four counts), upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 25 years to be followed by a period of postrelease supervision of 5 years on each conviction of attempted murder in the second degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant and several accomplices were charged under an acting in concert theory with, inter alia, four counts of attempted murder in the second degree and two counts of criminal possession of a weapon in the second degree, stemming from their collective involvement in the August 3, 2015 nighttime shooting of several individuals in front of a residence in the Red Hook neighborhood of Brooklyn. The defendant, who was tried with his fellow accomplices at a joint trial before a single jury, was convicted of four counts of attempted murder in the second degree and acquitted of the remaining charges.
The Supreme Court providently exercised its discretion in denying the defendant's request to admit into evidence as declarations against penal interest certain out-of-court statements made by his codefendants to law enforcement officials. The portions of the statements that the defendant sought to admit did not directly inculpate the subject codefendants (see People v Ennis, 11 NY3d 403, 412-413; People v Brensic, 70 NY2d 9, 14; People v Gilliard, 146 AD3d 980). Rather, the statements were made under circumstances which suggest that they were intended to minimize the subject codefendants' criminal involvement (see People v Gilliard, 146 AD3d at 980). Since the statements were properly excluded as inadmissible hearsay, the defendant's contention that his constitutional right to present a defense was violated based on the exclusion of this evidence is without merit (see People v Burns, 6 NY3d 793, 794-795; People v Gilliard, 146 AD3d at 980; People v Xing Chen, 117 AD3d 762, 763).
The Supreme Court providently exercised its discretion in denying the defendant's [*2]request to admit into evidence the results of certain DNA tests of material in the interior of the getaway vehicle used in the shooting. Under the particular circumstances of this case, the DNA test results "were not relevant as they did not tend to prove the existence or nonexistence of a material fact directly at issue and any probative value was outweighed by the possible prejudicial impact on the jury" (People v Melendez, 175 AD3d 714, 715). The defendant's contention that his constitutional right to present a defense was violated based on the exclusion of this evidence is without merit.
The defendant's contention that the Supreme Court committed reversible error by failing to reopen the Wade hearing (see United States v Wade, 388 US 218) mid-trial to address the viewing of his photograph by an eyewitness victim prior to her in-court identification of the defendant as one of the shooters is unpreserved for appellate review (see CPL 470.05[2]; People v Guzman, 175 AD3d 564, 565), and, in any event, without merit (see People v Williams, 128 AD3d 1522). Further, contrary to the defendant's contention, the court correctly determined that the subject eyewitness was sufficiently familiar with the defendant prior to the shooting incident, such that she was impervious to suggestiveness, and, therefore, her pretrial identification of the defendant as one of the shooters was merely confirmatory (see People v Rodriguez, 79 NY2d 445; People v Ellis, 198 AD3d 674, 675; People v Carmona, 185 AD3d 600, mod 37 NY3d 1016).
Contrary to the defendant's contention, the Supreme Court properly permitted a detective to testify as an expert regarding the meaning of certain coded language used in recorded prison telephone calls between the defendant and a third party, as the language at issue was beyond the ken of the ordinary juror. The expert testimony did not go beyond explaining the street terminology used in the telephone calls and did not infringe on the jury's fact-finding function as the expert did not directly express opinions about the ultimate issues in the case (see People v Inoa, 25 NY3d 466, 472; People v Goldman, 189 AD3d 698; People v Anderson, 149 AD3d 1407, 1413; People v Williams, 146 AD3d 410; People v Blackman, 118 AD3d 1148).
The defendant's contention that the jury verdict finding him guilty of attempted murder in the second degree and acquitting him of criminal possession of a weapon in the second degree was repugnant is not preserved for appellate review, as the defendant failed to raise before the formal discharge of the jury at trial his current specific contentions raised on appeal (see People v Alfaro, 66 NY2d 985; People v Alman, 185 AD3d 714; People v Phillips, 68 AD3d 1137, 1138-1139). In any event, the defendant's contention is without merit. "A verdict is repugnant only if, when viewed in light of the elements of each crime as charged to the jury, it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other" (People v Alman, 185 AD3d at 716 [internal quotation marks omitted]; see People v Muhammad, 17 NY3d 532, 538-539; People v Sims, 199 AD3d 841; People v Granston, 259 AD2d 760, 761). Here, acquittals on the charges of criminal possession of a weapon in the second degree was not repugnant to the convictions of attempted murder in the second degree, as the weapon possession charges contain essential elements that the attempted murder charges do not (see People v Johnson, 197 AD3d 725; People v Francois, 85 AD3d 813; People v Graham, 307 AD2d 935).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court